# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NIKE RETAIL SERVICES, INC. an Oregon Corporation;
(ADDITIONAL PARTIES ATTACHMENT FORM ATTACHED)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MADATYA NERSESIAN

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/02/2017** at 08:00:00 AM

Clerk of the Superior Court
By Dollie Campos, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 30-2017-00947190-CU-OE-CJC |
|---|---|
| | Judge Geoffrey T. Glass |

Superior Court of California County of Orange - Central Justice Center
700 Civic Center Drive, Santa Ana, California, 92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NATALIE MIRZAYAN 26632 Towne Centre Drive, Ste. 300 Foothill Ranch, CA, 92610.Tel:(949)-285-3550

| DATE: 10/02/2017 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* _Dollie Campos_ , Deputy *(Adjunto)* |
|---|---|---|
| *(Fecha)* | | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| NERSESIAN v. NIKE RETAIL SERVICES, INC. et al. | |

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

RIANNA MARIE LOPEZ an Individual; WILLIAM MATHIS an Individual; and DOES 1 to 50, inclusive.

Page ___1___ of ___1___

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Natalie Mirzayan, Esq. - State Bar No. 272217
LAW OFFICES OF NATALIE MIRZAYAN
26632 Towne Centre Drive, Suite 300
Foothill Ranch, California 92610
Telephone: (949) 285-3550
mirzayanlaw@outlook.com

Attorneys for Plaintiff MADATYA NERSESIAN

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**10/02/2017** at 08:00:00 AM
Clerk of the Superior Court
By Dollie Campos, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

MADATYA NERSESIAN,

        Plaintiff,

    v.

NIKE RETAIL SERVICES, INC. an Oregon Corporation; RIANNA MARIE LOPEZ an Individual; WILLIAM MATHIS an Individual and DOES 1 to 50, inclusive

        Defendants.

CASE NO.: 30-2017-00947190-CU-OE-CJC

ASSIGNED FOR ALL PURPOSES TO:
Judge Geoffrey T. Glass

**COMPLAINT FOR DAMAGES AND RESTITUTION:**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA (DISCHARGE/ DISCRIMINATION IN TERMS, CONDITIONS, OR PRIVILEGES OF EMPLOYMENT);**
2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**
3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**
4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940(j) AND (k);**
5. **RETALIATION IN VIOLATION OF THE FEHA;**
6. **HOSTILE WORK ENVIRONMENT AND HARASSMENT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940(j);**
7. **CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY;**
8. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA (REFUSED TO HIRE OR EMPLOY);**
9. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

1



10. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**
11. **WHISTLEBLOWER VIOLATIONS CALIFORNIA LABOR CODE §§ 1102.5, 96k AND 98.6;**
12. **UNLAWFUL COLLECTION OR RECEIPT OF WAGES DUE LABOR CODE §§ 221, 224, 225;**
13. **FAILURE TO INDEMNIFY FOR EXPENDITURES INCURRED IN DISCHARGE OF DUTIES, LABOR CODE § 2802;**
14. **ILLEGAL TERMS OF EMPLOYMENT, LABOR CODE §432.5;**
15. **FAILURE TO PAY ALL WAGES DUE TO A DISCHARGED OR QUITTING EMPLOYEE, LABOR CODE §§ 201-203;**
16. **FAILURE TO FURNISH ITEMIZED STATEMENTS, LABOR CODE §226, 246(i);**
17. **FAILURE TO PROVIDE PAYROLL RECORDS, LABOR CODE § 226(b);**
18. **FAILURE TO PAY MINIMUM WAGE, LABOR CODE §§ 1197, 1194, 1194.2, 1197.1), AND WAGES FOR ALL HOURS WORKED;**
19. **COERCION, LABOR CODE § 450;**
20. **FAILURE TO PAY OVERTIME COMPENSATION;**
21. **FAILURE TO PROVIDE MEAL BREAKS;**
22. **FAILURE TO PROVIDE REST BREAK PERIODS.**

**UNLIMITED JURISDICTION**

**REQUEST FOR JURY TRIAL**

Plaintiff MADATYA NERSESIAN, an individual, hereby alleges and complaints against defendants NIKE RETAIL SERVICES, INC. ("NIKE") an Oregon Corporation; RIANNA MARIE LOPEZ ("LOPEZ") an Individual; WILLIAM MATHIS ("MATHIS"), an individual; and DOES 1-50 as follows:

///

///

## THE PARTIES

**A.  Plaintiff**

1.    Plaintiff MADATYA NERSESIAN, ("PLAINTIFF") is an individual residing in Orange County, State of California.  PLAINTIFF worked for NIKE from approximately December 1, 2015 until his unlawful discharge on or about February 6, 2017.  Throughout his employment, PLAINTIFF was a non-exempt employee who held the position of a Sales Associate, AKA Athlete at the San Clemente retail store in the County of Orange.

**B.  Defendants**

2.    At all relevant times alleged herein, PLAINTIFF is informed and believes, and thereon alleges that NIKE is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Oregon.  PLAINTIFF is further informed and believes, and thereon alleges that NIKE is registered and authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, NIKE maintains numerous retail stores and conducts business, and engages in illegal business practices and policies, in the County of Orange, State of California.

3.    At all times mentioned herein, NIKE was and still is a corporation which employs five or more employees in the State of California.  As such, DEFENDANTS are subject to the Fair Employment and Housing Act ("FEHA") pursuant to California Government Code Section 12926(d).

4.    PLAINTIFF is informed and believes, and based thereon alleges that at all times mentioned herein Defendant RIANNA MARIE LOPEZ ("LOPEZ") is a resident of the State of California, county of Orange.  PLAINTIFF is informed and believes, and thereon alleges, that Defendant LOPEZ is the Retail District Director, directly overseeing, controlling, and managing multi-store operation and exercised significant control over PLAINTIFF'S overall working conditions.  PLAINTIFF is informed and believes, and thereon alleges, that LOPEZ permitted, authorized, approved, and ratified the wrongful acts and practices against the PLAINTIFF within her district while overseeing multi-store operation.

5.      PLAINTIFF is informed and believes, and based thereon alleges that at all times mentioned herein Defendant WILLIAM MATHIS, also known as Billy, ("MATHIS") is a resident of the State of California, County of Orange.  PLAINTIFF is informed and believes, and thereon alleges, that Defendant MATHIS is the San Clement Store Manager directly overseeing, controlling, and managing the San Clement Store operation and exercised significant control over PLAINTIFF'S overall working conditions.  PLAINTIFF is informed and believes, and thereon alleges, that MATHIS was directly involved, permitted, authorized, approved, and ratified the wrongful acts and practices against the PLAINTIFF.

6.      The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF who therefore sue said DOE defendants by fictitious names.  PLAINTIFF will amend this Complaint to show their true names and capacities when they have been ascertained.  The defendants, and each of them, were alter egos of each other and/or engaged in a joint enterprise with each other.  Additionally, all of the defendants were joint employers of the PLAINTIFF.  Hereinafter in this Complaint, unless otherwise specified, reference to DEFENDANTS, shall refer to NIKE, MATHIS, LOPEZ, and DOES 1-50, and each of them.

7.      PLAINTIFF is informed and believes, and based thereon alleges that at all times herein mentioned, that each of the DEFENDANTS is liable as an "employer" and/or "person" for the claims asserted in this Complaint, including but not limited to, under Labor Code § 558.1 and §18.  Specifically, DEFENDANTS, including but not limited to Retail District Directors, LOPEZ and MATHIS' conduct formed a significant basis for the PLAINTIFF' claims alleged herein.  NIKE'S Retail District Directors are held by NIKE to be "*accountable for the overall leadership and people management of the district, including human resource planning, proactively recruiting and hiring top talent, training and development, managing performance, rewards and recognition programs, succession and career planning, coaching and counseling.*"

8.      At all relevant times herein, PLAINTIFF was employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied.  In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to and in furtherance of their polices and practices of not paying PLAINTIFF the mandated minimum and

overtime compensation, and all wages earned and due; failing to indemnify PLAINTIFF for expenditures in discharge of his duties; failing to timely provide PLAINTIFF with his payroll records; failing to provide accurate itemized wage statements for each pay period; failing to pay PLAINTIFF any of the wages due and owing; failing to accommodate PLAINTIFF'S disability; requiring PLAINTIFF to agree to illegal employment terms and conditions; and retaliating against PLAINTIFF for requesting sick leave and for engaging in a series of protected activities.

9.    PLAINTIFF is informed and believes, and based thereon alleges that at all times relevant herein, each of the DEFENDANTS named herein was an employer, was the principle, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of each of the other DEFENDANTS named herein, and, in doing the acts and in carrying out the wrongful conduct alleged herein, was engaged with some or all of the other DEFENDANTS in a joint enterprise for profit, and bore such other relationships to some or all of the other DEFENDANTS so as to be liable for their conduct with respect to the matters alleged in this Complaint.  PLAINTIFF is further informed and believes and thereon alleges that each of the DEFENDANTS acted pursuant to and within the scope of the relationships alleged above, and that all relevant times, each of the DEFENDANTS knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other DEFENDANTS.

10.    At all times mentioned herein, each of the DEFENDANTS was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other DEFENDANTS and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other DEFENDANTS.

11.    PLAINTIFF is informed and believes and thereon alleges that each and every acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the directions and control of each of the other DEFENDANTS, and that said acts and failure to act were within the course and scope of said agency, employment and/or directions and control.

12.    As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF has suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial and within the jurisdiction of this Court.

## JURISDICTION

13.    Jurisdiction and venue are proper in this Court pursuant to the FEHA, California Government Code Section 12965(b) because the unlawful employment actions occurred in this County and the relevant records are located in this County.

14.    Additionally, this Court is the proper court, and this action is properly filed in the Superior Court of the State of California, County of Orange, because DEFENDANTS maintain retail stores, and facilities and transact business in the County of Orange, and because DEFENDANTS' illegal policies and practices which are the subject of this action were applied, at least in part, to the PLAINTIFF in the County of Orange.

## FACTUAL BACKGROUND

15.    On or about September 1, 2016 PLAINTIFF discussed his medical condition, and request for accommodation with his manager, Bre, last name unknown, ("BRE").  PLAINTIFF requested a chair to alleviate his back pain.  BRE, however, refused to accommodate him and immediately stated:

> "I'm sorry about your back pain. But sorry if I accommodated you I'd have to do it for everyone else. You can go to the doctor to see if they can help you out, but we still can't do anything about it"

16.    On or about September 4, 2016 PLAINTIFF called the store and requested to take his accrued sick leave as authorized by California law.   PLAINTIFF informed MATHIS that he will be providing a doctor's note.  MATHIS; however, denied him sick leave and immediately replied:

> "You're doctors not isn't going to do anything. Next time you work we'll have to talk about your attendance."

17.    PLAINTIFF provided MATHIS with a note from his doctor advising DEFENDANTS' of PLAINTIFF'S condition.   The Doctor's Notes stated in pertinent part:

> "[T]hat [PLAINTIFF] should be allowed to sit intermittently during his shift as much as possible when his back hurts to alleviate the pain."

18.    The very next day, on September 5, 2016, as soon as PLAINTIFF returned to work following his sick leave, PLAINTIFF was subjected to pretextual write-up allegedly for tardiness that occurred **two (2) months prior**.  DEFENDANTS were hostile toward PLAINTIFF because on or about August 31, 2016 PLAINTIFF complained to MATHIS regarding the unsanitary condition of the earpieces employees are required to wear with the walkie-talkies and DEFENDANTS' unlawful policy of charging PLAINTIFF and other employees for the NIKE uniform, AKA Staff Dress.

19.    On September 8, 2016 when PLAINTIFF followed upon with MATHIS regarding his request for accommodation MATHIS replied: "Well we have to file it and see what they [the insurance company] says."  When PLAINTIFF explained to MATHIS that he is not attempting to file a claim for Workers' Compensation and he is in fact capable of working with some accommodation, MATHIS replied: "This is just what our district manager told us, it's what's safest legally for us... and you."

20.    Crystal Barlow ("BARLOW") from NIKE's Human Resources, MATHIS, and other management personnel, continued to pressure PLAINTIFF to file for Workers' Compensation despite PLAINTIFF'S expression that he is capable of working.  This was clearly stated in PLAINTIFF's e-mail to BARLOW on **October 11, 2016**, as follows:

> "In your e-mail dated September 30, 2016 you seem to make it clear that 'if you are unable to work continuously due to a medical reason, please call Liberty Mutual at 855-832-941.'  ***I have informed Nike time after time that I am able to perform my work – I just need to sit for couple minutes at a time.***  It is becoming clear to me that you will neither accommodate me nor will you allow me to transfer to the SD territory." [Emphasis added].

21.    On or about September 8, 2016, following his pretextual write-up, PLAINTIFF wrote a letter, which he via fax to DEFENDANTS, to provide his "Employee's Comments" to the write-up and to request a reconsideration.  PLAINTIFF firmly believed that the write-up was not justified.  PLAINTIFF's letter stated in pertinent part:

> "This letter is a follow up to the September 5th, write up which I received. As you know when I came in to work on September 5, 2016, my back was hurting and I was uncomfortable.  As soon as I walked to the office, I felt I was blindsided, ambushed, and the work environment was so negative and tense that I couldn't write my comments on the write up.  I honestly was

scared to say anything too with two managers in the room everyone was already mad at me for calling sick.  At first I thought I was called in to talk about my back pain and my chair request but I end up being reprimanded for something happened in the past – and I was told to sign a write up on the spot.  Even though I signed it, but I couldn't even read it – it was such an intimidating environment for me.   I don't know why it had to be like that.  I really don't think I have done anything wrong to deserve a write up.   I don't think it's fair to write me up for something that happened 2 months ago because since the tardiness in July, I really haven't been late.  I get that the write up is because management is mad at me because I called in sick on Friday and Sunday but you have to understand that I didn't want to feel this way.  This is just adding a lot more stress into my life in addition to the stressful back pain I have.  It just seems like it is completely unacceptable for an employee to get sick and use the sick time available to him/her and I think that's just not fair.  This sick time is provided to us by law to hard working employees standing on their feet all day long and that are ending up with back pain - like me to use when we are not feeling good.  I did my best to come to work on Monday, September 5, even though I was not feeling good."

*See*, **Exhibit "1"**, PLAINTIFF's letter faxed to DEFENDANTS on September 8, 2016 following his September 5, 2016 write-up.

22.    Human Resources failed to take any steps to correct the adverse employment action taken against PLAINTIFF despite the fact that PLAINTIFF clearly explained the circumstances leading to his write-up, and the impact it had on his career.  Specifically, on October 11, 2016, in an e-mail to BARLOW, PLAINTIFF stated:

"I need money and I need to work.  You have ruined my career- even when I apply for another job, I will be asked if I was reprimanded or written up in previous employment.  The NIKE write up was pretextual and no reason for it.  I was treated differently because of my request for accommodation and because I kept saying I didn't want to pay for the "staff dress".  Management kept telling me that I should be grateful for it because it is a "gift."  ***When I was not grateful for it, my life is made hell. This Management is hostile toward me***, they will make any excuse to fire me…… All this anxiety is killing me and you don't seem to offer any solutions or care at all.  I am making another request to be working at an environment free of harassment and hostility.  I should not be going to work everyday fearing when I will be written up pretextually again for no legitimate reasons."  [Emphasis added].

23.    As a result of PLAINTIFF'S complaints, request for sick time off, and request for accommodation, PLAINTIFF was also removed from the "Tournament List," and employees were informed that he was "fired."   The Tournament List is attached hereto as **Exhibit "2."**

24.     In addition to writing a letter to provide his "Employee's Comments" to the write-up, PLAINTIFF also appealed the corrective action through the "Let's Talk About It Policy" to the Retail District Director, Rianna Lopez ("LOPEZ").  Specifically, on September 16, 2016, PLAINTIFF sent a letter via fax to DEFENDANTS.

25.     Through several e-mails to BARLOW, PLAINTIFF requested accommodation, and a resolution to the hostile work environment to which PLAINTIFF was subjected following his engagement in protected activities.   Specifically, on September 28, 2016, PLAINTIFF wrote an e-mail to BARLOW stating in pertinent part:

> "[I]n addition to the accommodation issue, I have expressed to you the hostile work environment, the pretextual write ups I have been subjected to, let alone the unprofessional actions of Management disclosing my communication with them to other employees.  Please refer to my letter that I faxed on 916/16 for details.  You have not addressed any of these issues.  I believe I should not have been subjected to any of this hostile environment merely for requesting sick time off and requesting accommodation.  Please address the issues I have pointed out in my letter.  What corrective action have you taken to prevent continuing retaliation and hostility toward me?"

26.     Then again, on October 11, 2016, PLAINTIFF was desperately seeking resolution of the hostile work environment he was forced to endure.  In an e-mail to BARLOW, PLAINTIFF stated:

> "What additional steps must I take to appeal? Why am I being subjected to have to undergo all these steps that are not necessary as I should not have been written up in the first place? Also, after the appeal, I was reprimanded verbally in the presence of two managers as previously stated.  I am willing to appeal again and again what is it that I must do? But before I appeal again and again, *I need explanation as to why a month and half passed for the so called tardiness to be written up*? *And why that write up happened immediately after when I returned to work after sick time off*? Nike through management and HR imposes on me to return to work while no accommodation has been provided to me forcing me to suffer back pain.  You have had all the information to accommodate me since September 1st.  I need a yes or no answer.  You are compelling me to return to work and stand for prolonged periods of time despite the fact that HR and management have been made aware of my condition and inability to stand for long.  Despite the fact that I expressed to you that I am suffering anxiety every time I have to discuss my condition, yet, you still compel me to call management for each shit I am scheduled, while you continue to delay a response to me and knowing well I am waiting for your response to accommodation to resume work.  You already know the medical condition and you already know the simple accommodation

request – a chair.  I am at a loss as how HR instead of being impartial, is actually making things worse and threatening me that 'not communicating with the store regarding missed shifts may result in you being held accountable with corrective or action or result in a job abandonment.  How is this a job abandonment if I am still asking for accommodation and waiting a response back from you? ***HR is yet to address why my name was deleted from the team tournament and went I went to work merely after couple of days of sick leave, everyone was mocking me because the rumors were out that I was already fired and my name was deleted.  The rumors were created by management to set an example that those who take sick leave, will be terminated.*** I am suffering wage loss for the time I am absent from work and simple accommodation is not offered to me.  A single chair is far from accommodation that is not reasonable for an employer to provide." [Emphasis added].

27. On November 13, 2016 in an e-mail to BARLOW PLAINTIFF addressed concerns following HR's failure to take a corrective action against management:

"[H]onestly your conclusion is very disappointing.  I was hoping to hear that some sort of corrective action was taken and management was trained to treat employees who raise concerns/opposes violations or request sick time off neutrally and not treat them like they treated me just to scare them off and spread rumors that they are fired and delete their names from the team schedule like they did to me.  This makes [it] extremely difficult for me to go back to the same environment and now be abused even more while management is more empowered knowing there were no repercussions to their actions and they will continue their retaliation and hostility toward me even more."

28. On September 28, 2016, PLAINTIFF expressed willingness to work at a different NIKE location hoping that he will not have to endure the same hostile work environment:

"[P]lease be advised that I would be more than happy to work in the San Diego store as the relationship with Management at the San Clement[e] store, especially as a result of my direct communication with HR, has been negatively impacted."

29. On October 4, 2016, BARLOW replied: "[I]you would like to look at other positions, you are welcome to apply for any open position you feel qualified for and go through the competitive process."

30. On October 11, 2016 PLAINTIFF wrote to BARLOW, "[t]here is opening in San Diego, I saw that on the website – I am willing to take that position IF you are going to accommodate me.  If you are not, just be straightforward and enough with the games.  I have bills to pay – be fair!"

31.     PLAINTIFF did in fact apply to the San Diego Sales Associate Position, which is exactly the same position he held at the San Clemente location, and informed BARLOW that he applied for the position.  However, he was **not** hired.  Specifically, on November 13, 2016 PLAINTIFF e-mailed BARLOW:

> "I did reapply to the SD location and I am waiting to hear back.  As you know, *I am qualified for the position and it is exactly the same I currently have so I should not have any problems getting the job*." [Emphasis added].

32.     On October 28, 2016 RJ Hill in response to PLAINTIFF'S appeal on September 16, 2016 stated:

> "I received your request to appeal the corrective action you were issued regarding attendance on September 5, 2016.  As part of this process, I will be looking at whether or not the process was followed and whether or not the decision to issue corrective action was consistent with actions that have been taken for employees with similar attendance patterns.
> Based on your e-mail from October 24, 2016, I understand that you content that the corrective action you receive was not consistent with prior practice … and I also understand that you believe the corrective action was issued for improper purpose."

33.     On October 24, 2016 PLAINTIFF wrote BARLOW, TURNER and HILL:

> "You continue to state that you are confused about the appeal of the corrective action issued to me.  The lets talk about it policy – should be fairly implemented.  What I am trying to make clear to HR is that I was singled out – targeted – picked on – just because I was complaining about the staff dress and the ear pieces and because I requested a chair.  Had it not been for my complaints, I would not have been wrote up.  The write up was a way to get back at me.  I am not asking about a different process than anyone else who disagrees with receiving a corrective action – again and again – I am asking to be treated like everyone else and if a corrective action was necessary then it would be based on a legitimate reason NOT a retaliation for complaining.  NO ONE else got wrote up a month and half later.
>
> I did explain to you, on October 4th everything that I wrote in my e-mails.  There should not be anymore back and for e-mails and calls after almost two months to pretend that HR is actually attempting to help.  All HR has done is give me the run around.  Several emails/calls back and forth expressing that HR is trying to understand my accommodation.  I respectfully and frankly, find it very hard to believe that after all these e-mails, phone calls, forms filled out, dr's notes, that HR doesn't understand what type of accommodation I am requesting.  I is as simple as this – a CHAIR.

> You send me forms wanting every communication I had with my Dr? how is this important for a chair? When an employee loud and clear tells you I can do my job, why do you force him out of work and make a big deal about it? I didn't have an accident at work. I didn't fall. I didn't say I can't work. I am not a hazard to anyone. My back hurts when I stand for long time. I need to sit a few minutes it relieves the pain. This is really not a big deal. You make all these obstacles to avoid accommodating me. This is not an interactive process. This is a game being played on me and I am wasting time believing that HR will assist me and help me. I understand that you have a protocol to follow, but your protocol must comply with California law. The Dr. note I provided you is NOT an old note. It's a note I provided AFTER I requested accommodation on September 1. You have delayed the process so much and now after a month and half you say that you cannot rely on a previous note. The note was not previous – the note was immediately provided when requested. I really thought HR will help me not make things more difficult."

34.    On February 6, 2017, BARLOW admitted, in an e-mail to PLAINTIFF, that the delay of the corrective action was improper:

> "Although it is regrettable the amount of time that passed before you received the Written Reminder, RJ confirmed the attendance infractions that in incurred merit the corrective action that you were issued. I can confirm that changes have been made to ensure that this type of delay does not occur in the future."

35.    DEFENDANTS engaged in a policy and practice of willfully disregarding California law, governing reasonable accommodation. Specifically, On September 29, 2016, DEFENDANTS' "*Health Care Provider's Medical Questionnaire*" supplied to PLAINTIFF does *not* comply with what qualifies as "disability" as defined by the FEHA. The effect of such failure to comply with California law is certain to result in denial of California employees' requests.

36.    Unlike federal law, in California disabilities are broadly defined as conditions that *limit a major life activity*, including physical and mental disabilities, as well as medical conditions such as cancer or HIV/AIDS. California definitions and protections are **broader** than protections under federal law. The *Health Care Provider's Medical Questionnaire* form supplied to PLAINTIFF directs the treating physician to respond by "Yes or No" whether "the individual have a physical or mental impairment that substantially limits [FN1] one or more major life activities [FN2]? Attached hereto as **Exhibit "3."**

///

///

FN 1, defines: "'***Substantially limits***' means 'materially restricts' as compared to 'most people.'" [Emphasis added].

FN 2, defines "'Major life activities' can include but not limited to: 'caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reasoning, concentrating, thinking, communication and working. Also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions."

37.    Store managers mocked PLAINTIFF, as a result of his medical condition, and subjected him to ridicule and humiliation. For example, one of the store managers named Christine, last name unknown, would make fun of PLAINTIFF and would tell him he was not walking fast enough and that "she is working circles around [him]." *See*, **Exhibit "1"**, PLAINTIFF's letter faxed to DEFENDANTS on September 8, 2016 following his September 5, 2016 write-up.

38.    DEFENDANTS' actions have caused PLAINTIFF severe emotional distress, anxiety, stomach pain, and mental anguish. On November 18, 2016 PLAINTIFF expressed to Karin Turner ("TURNER"):

"As I have stated in the past in several of my e-mails the hostility toward me and the write ups were all as a result of my issues with my back pain and the time I complained about the staff dress deduction. I became the ungrateful guy for the "gifts" and subject of scrutiny and write ups. The accommodation is not the only issue I had. I requested a transfer to another location just so I won't have to deal with the hostile environment at the San Clement location. Now that HR has sided with management, if I was to go back, as explained to Crystal in my November 10th e-mail, management will bully me even more and then officially fire me. I can not endure such a hostile environment. I was waiting for HR to take corrective action against management for treating me the way they did – ridiculing me, humiliating me and making me an example to other employees that if you have any medical condition or you complain about anything, you will be out.

I was going through a lot of anxiety all the time when I was working at the San Clement location.... I can't endure the hostility in San Clemente location..."

39.    On July 7, 2017 PLAINTIFF requested his "entire personnel file including but not limited to [his] applications for employment, payroll records, and any written reprimands,

warnings, or disciplines, any signed acknowledgement for polices and procedures, and any and all materials containing my signature."

40.    On August 3, 2017 Jessica Baumann ("BAUMANN"), Senior Litigation Paralegal, e-mailed PLAINTIFF part of his personnel file; however, failed to produce PLAINTIFF'S payroll records.  Only a summary of his payroll history was provided, which was untimely.

41.    DEFENDANTS engage in a policy and practice of violating California Labor Code section 1198 and IWC Order No. 7-2001 subdivision 9(A), codified in California Code of Regulations, title 8 section 11070, subdivision 9(A), which provides that "[when uniforms are required to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.  Subdivision 9(A) further provides that [t]he term 'uniform' includes wearing apparel and accessories of distinctive design or color."   By failing to provide PLAINTIFF with required NIKE-Branded clothing ("UNIFORMS" or "STAFF DRESS") free of charge, DEFENDANTS failed to comply with the requirements of Labor Code section 1198 and IWO subdivision 9(A).

42.    DEFENDANTS' policy and practice of requiring PLAINTIFF to pay for the UNIFORMS, constitute an on-going violation of Labor Code § 1199, which provides, in relevant part:

> "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any or the following:
>
> (b) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission."

43.    The NIKE apparel items constitute "uniform" within the meaning of subdivision 9(A) of the IWC Order, because such distinctive items of athletic clothing displaying the NIKE logos are unusual and generally not usable in PLAINTIFF's occupation.

44.    The clothing PLAINTIFF was required to wear were of particular design so distinctive as to require that the employer pay the costs of such clothes.

45.    DEFENDANTS engage in a policy and practice of requiring PLAINTIFF to pay income taxation on approximately fifty percent (50%) of the alleged retail value of said UNIFORMS.  More specifically, DEFENDANTS allege that the UNIFORMS (referred to by DEFENDANTS as "STAFF DRESS" is additional compensation compelling each employee to pay taxes for the value of the UNIFORMS.   DEFENDANTS' practice is reflected as "Additional Taxable Other Compensation," on PLAINTIFF's wage statements.  This so called "Additional Taxable Other Compensation" for the alleged value of the UNIFORMS subjected the PLAINTIFF to unlawful wage deductions[1] which DEFENDANTS failed to reimburse.  Each season when the UNIFORMS are distributed, the value of the UNIFORMS is solely determined by DEFENDANTS.

46.     PLAINTIFF was required to accept and wear the UNIFORM during working hours. DEFENDANTS required PLAINTIFF to maintain an up-to-date apparel of each seasons' product line.  PLAINTIFF was a minimum wage earner, yet, was required to purchase the UNIFORMS on average of four times a year and on an on-going basis and pay taxation on their value.

47.    DEFENDANTS' UNIFORMS policy is specifically designed to give DEFENDANTS' a competitive advantage over other sports apparel retailers.  This policy is also meant to deliver DEFENDANTS' current fashion message to the public, to complete the visual merchandising of DEFENDANTS' stores, to guide DEFENDANTS' customers to purchase complete athletic wardrobes, as opposed to single items, and to mislead customers to believe that sales associates are loyal fans of NIKE's merchandise.  PLAINTIFF was manipulated to become a walking advertisements of the store exemplifying the athlete image DEFENDANTS want to portray to their customers at the expense of requiring PLAINTIFF to bear the cost of the UNIFORMS.

48.    PLAINTIFF specifically complained and refused to pay for the uniforms, see **Exhibit "1,"** stating in pertinent part:

"I still don't think its lawful that I have to pay for the staff dress.  Billy said its 'gift tax' and 'it's 2% and I should be thankful for it.'  I am sorry but I am not thankful paying for anything I can't afford.  I still think Nike shouldn't tax employees for

[1] Due to PLAINTIFF's income being improperly inflated, PLAINTIFF suffered wage loss as a result of the additional taxation attributable to the UNIFORMS.

uniforms.  I honestly just don't want any "gifts" and I don't want to pay tax on them.  I never asked for "gifts" – how is that even a gift? I kind of have really tight budget and I don't have extra money to pay for something that I don't want and Nike requires me to wear.  I am just cutting corners to make ends meet, that's why I wanted not to pay for the uniforms.  I am literally breaking my back to make a buck."

49.    On October 4, 2016 BARLOW stated in an e-mail to PLAINTIFF:

"[Y]ou do not need to accept all staff dress you are eligible for if you want to minimize being taxed on your staff dress, as it is taxable like income is taxable.  With that being said, **you are still responsible for following the staff dress policy for each shift**." [Emphasis added].

50.    DEFENDANTS' unlawful practice of wage deductions impacted the net wages received by PLAINTIFF, not only for the pay period in which the UNIFORMS were taxed but also all subsequent pay periods because of the resulting inaccurate increase of the "Year to Date Compensation" leading to inaccurate withholding, deductions, and inaccurate wage statements.

51.    DEFENDANTS' policies are despicable and are enforced through oppressive and fraudulent means, as described herein.  DEFENDANTS' acts were committed with malice, and constitute despicable conduct that is carried on by DEFENDANTS with a willful and conscious disregard of the right of PLAINTIFF to be reimbursed and paid minimum wage.

52.    DEFENDANTS' UNIFORMS policy also violate California Labor Code § 450, which provides in pertinent part: (a) No employer, or agent of officer thereof, or other person may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of a thing of value.

53.    DEFENDANTS engages in a policy and practice of suffering their non-exempt employees to work for less than the minimum wage by requiring PLAINTIFF to pay taxation on the value of their UNIFORMS without any reimbursement.

54.    More specifically, subjecting PLAINTIFF to pay taxation on the value of the UNIFORMS, assessed solely by DEFENDANTS, necessarily caused PLAINTIFF's wages to fall below the required state minimum wage for each pay period in which the UNIFORMS were purchased. PLAINTIFF was a minimum wage earner, yet, was required to purchase the UNIFORMS an average of four time a year on an on-going basis.

55. DEFENDANTS' engage in a policy and practice of violating California Labor Code sections 6400, 6401, 6403, and 6407 by requiring PLAINTIFF to carry walkie-talkies and interchange, among themselves, the wireless earphones used with the walkie-talkies. The Walkie-talkies and earphones are provided by DEFENDANTS and DEFENDANTS mandate that all employees carry the walkie-talkies and wear the earphones during working hours to be able to communicate with team members throughout the working hours.

56. To reduce the cost of doing business, DEFENDANTS fail to assign PLAINTIFF earphones to be worn exclusively by each. Rather, DEFENDANTS compelled PLAINTIFF to interchange and share the earphones with other employees.

57. DEFENDANTS have designated an earphone rack at each retail store in California, requiring PLAINTIFF to surrender his earphones prior to departing the store by placing the earphones on the designated rack. This unsanitary and unhealthful practice results in each earphone being interchanged and worn several times per day by DEFENDANTS' employees following direct contact with each employee's ear.

58. PLAINTIFF specifically complained to DEFENDANTS about this policy and the unsafe working condition as a result of such. On October 11, 2016, PLAINTIFF complained about the unsanitary condition of the earpieces in an e-mail this time to BARLOW:

> "Management forced us to wear and share the nasty and dirty ear pieces for the Walkie talkies while they kept their own clean ones in the office. Management doesn't care about our healthy and how bad my back would hurt. I became a villain as soon I spoke about these issues."

59. Upon information and belief, DEFENDANTS engage in a policy and practice of violating California Labor Code 246(a) by failing to provide PLAINTIFF with paid sick days to accrue at a rate of not less than one hour per every 30 hours worked, or in the alternative comply with the requirements of section 246(e)(2) or 246(b)(3).

60. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS knew or should have known that DEFENDANTS were obligated to provide PLAINTIFF with paid sick leave benefits, but failed to do so.

61.     Upon information and belief, DEFENDANTS engaged in a policy and practice of violating California Labor Code §§ 246(i) by failing to provide PLAINTIFF with written notices setting forth the amount of paid sick leave available, or PTO leave that DEFENDANTS provide in lieu of sick leave, for use either on PLAINTIFF'S itemized wage statements as described in Section 226 or in a separate writing provided on the designated pay date with PLAINTIFF'S payment of wages.

62.     DEFENDANTS engage in a policy and practice of issuing itemized wage statements to PLAINTIFF containing blank sections appearing under "PAID TIME OFF," and "BALANCE." Furthermore, blank sections also appear under: "ESPP PERIOD," and "BALANCE."

63.     DEFENDANTS knew or should have known that PLAINTIFF was entitled to receive itemized wage statements or separate written statements showing the amount of paid sick leave available, or paid time off provided in lieu of sick leave.  In violation of the California Labor Code, DEFENDANTS failed to provide PLAINTIFF with itemized wage statements or separate written statements showing this information.

64.     Upon information and belief, DEFENDANTS failed to maintain records documenting PLAINTIFF's accrued and used sick leave in violation of Labor Code § 247.5(a).

65.     Upon information and belief, DEFENDANTS engage in a policy and practice of willfully and intentionally failing to furnish PLAINTIFS with accurate itemized wage statements in compliance with the statutory requirement of §226(a) which requires employers to maintain accurate records for each employee's hours of work and to provide each employee with an accurate wage statements in writing setting forth, among other things, the gross wages earned; total hours worked by the employee; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, and all deductions made.

66.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS knew or should have known that PLAINTIFF was entitled to timely payment of all wages earned upon termination of employment.  In violation of the California Labor Code, PLAINTIFF did not

1   receive payment of all wages due, including, but not limited to, minimum wages, and unlawful

2   wage deductions as a result of DEFENDANTS' UNIFORMS policy.

3        67.    Upon information and belief, DEFENDANTS required PLAINTIFF to agree to

4   illegal employment terms and conditions in violation of Labor Code § 432.5.  In particular,

5   DEFENDANTS set forth company-wide policies and procedures in documents provided at

6   PLAINTIFF's time of hire, including but not limited to the "Retail New Hire Acknowledgment

7   Form" (attached hereto as **Exhibit "4"**) requiring PLAINTIFF to agree that the UNIFORMS

8   provided are taxable wages thereby reducing PLAINTIFF's wages received below the mandated

9   minim wage and without any reimbursement.

10       68.    PLAINTIFF is informed and believes, and thereon alleges, that at all times herein

11  mentioned, DEFENDANTS were advised by skilled lawyers and other professionals, employees

12  and advisors knowledgeable about California labor and wage law, employment and personnel

13  practices, and about the requirements of California law.   However, DEFENDANTS have

14  knowingly and willfully refused to perform their obligations under California Labor Code.

15            **PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES**

16       69.    PLAINTIFF has met all the jurisdiction requirements for proceeding with his claims

17  under the Fair Employment and Housing Act, ("FEHA"), including without limitation, California

18  Government Code Sections 12960 and 12965, by timely filing an administrative complaint against

19  DEFENDANTS with the California Department of Fair Employment and Housing (the DEFH") on

20  or about September 4, 2017.  On September 4, 2017, PLAINTIFF receive his right-to-sue letter

21  from DFEH against DEFENDANTS.   True and correct copies of the DFEH complaint and right-

22  to-sue letters are collectively attached hereto as **Exhibit "5."**

23       70.    Therefore, PLAINTIFF alleges the right to proceed with all remedies provided by

24  law on PLAINTIFF' Complaint.

25       71.    PLAINTIFF makes the allegations in this Complaint without any admission to any

26  particular allegation.  PLAINTIFF bears the burden of pleading, proving, or persuading and

27  PLAINTIFF reserves all of PLAINTIFF'S rights to plead the alternative.

28  ///

**FIRST CAUSE OF ACTION**
**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**
**DISCHARGE OR DISCRIMINATE IN TERMS, CONDITIONS, OR PRIVILEGES OF**
**EMPLOYMENT**
**(AGAINST ALL DEFENDANTS)**

72.     PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

73.     California Government Code Section 12940(a) prohibits an employer from discriminating against any employee on the basis of disability.  Pursuant to California Government Code Section 12926.1(b), "disability" includes, without limitation, protection from discrimination due to actual or perceived physical or mental condition that is disability, potentially disability, or perceived as disability or potentially disabling.

74.     PLAINTIFF is a disabled individual because he suffered from physical disabilities which limited his ability to engage in life activities, including work.  Moreover, PLAINTIFF was perceived as disable by DEFENDANTS.  PLAINTIFF is further informed and believes, and based thereon alleges, that he was retaliated against and forced to resign because he was actually disabled and/or perceived as disable.

75.     As a proximate result of DEFENDANTS' discrimination against PLAINTIFF, he has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to his reputation in the business community, in the amount according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as unlimited civil action.  PLAINTIFF claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Section 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

76.     As a proximate result of DEFENDANTS' discrimination against PLAINTIFF, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is

expected to continue to incur attorneys' fees.  Pursuant to California Government Code Section 12964(b), PLAINTIFF requests the award of attorneys' fees against DEFENDANTS.

77.    DEFENDANTS committed the acts alleged maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring the PLAINTIFF, and in conscious disregard of PLAINTIFF'S rights and safety.  As such, PLAINTIFF is entitled to an award of punitive damages in an amount according to proof.

**SECOND CAUSE OF ACTION**
**FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA**
**(AGAINST ALL DEFENDANTS)**

78.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

79.    California Government Code Section 12940(m) requires an employer to make reasonable accommodations for physical and/or mental disabilities of an employee. DEFENDANTS denied PLAINTIFF reasonable accommodations by not timely honoring PLAINTIFF'S medical restrictions and instead unlawfully harassed PLAINTIFF, subjected him to pretextual write-up, removed him from the Tournament List, and forced him to resign.

80.    As a proximate result of DEFENDANTS' failure to accommodate PLAINTIFF, he has suffered and continue to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damages to his reputation in the business community, in the amount according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action.  PLAINTIFF claims such amounts as damages, together with prejudgment interest accruing from the date of filing of this action pursuant to California Civil Code Section 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

81.    As a proximate result of DEFENDANTS' failure to accommodate PLAINTIFF, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b),

PLAINTIFF requests the award of attorneys' fees against DEFENDANTS.

82.    DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring PLAINTIFF, and in conscious disregard of PLAINTIFF'S rights and safety.  As such, PLAINTIFF is entitled to an award of punitive damages in an amount according to proof.

**THIRD CAUSE OF ACTION**
**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA**
**(AGAINST ALL DEFENDANTS)**

83.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

84.    California Government Code Sections and 12926.l(e) and 12940(n) provide that it is unlawful for an employer to fail to engage in a timely, good faith interactive process with an employee to determine effective reasonable accommodations.

85.    DEFENDANTS failed to engage in a timely and good faith interactive process with PLAINTIFF, including without limitation, with respect to his requested accommodations of working under restrictions. Instead of communicating with PLAINTIFF to accommodate his known disabilities, DEFENDANTS continued to pressure PLAINTIFF to file for Workers' Compensation, harassed him, retaliated against him, created a hostile work environment, subjected him to pretextual write-up, and forced him to resign.

86.    As a proximate result of DEFENDANTS' failure to engage in the good faith interactive process with PLAINTIFF, he has suffered and continues to suffer compensatory damages, including without limitation, to lost wages, loss of future earnings and earnings capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damages to his reputation in the business community, in an amount according to proof at trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action.    PLAINTIFF claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

87.    As approximate result of DEFENDANTS' failure to engage in a good faith interactive process with PLAINTIFF, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b).   LAINTIFF requests the award of attorneys' fees against DEFENDANTS.

88.    DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring PLAINTIFF, and in conscious disregard of PLAINTIFF'S rights and safety.  As such, PLAINTIFF is entitled to an award of punitive damages in an amount according to proof.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940(j) and (k)**
**(AGAINST ALL DEFENDANTS)**

89.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

90.    At all times mentioned herein, the FEHA, including but not limited to FEHA Sections 12940 (j) and (k), were in full force and effect and were binding upon DEFENDANTS and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and harassment and take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  DEFENDANTS violated these subsections of the FEHA and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

91.    DEFENDANTS, and each of them, harassed and discriminated against the PLAINTIFF, because of his disability and because he engaged in protected activities.

92.    NIKE knew that MATHIS, LOPEZ, and management at the store were discriminating and harassing PLAINTIFF because of his disability but failed to take immediate and appropriate corrective action to end the discrimination, harassment, and retaliation. DEFENDANTS also failed to take all reasonable steps necessary to prevent the harassment and

1    discrimination from occurring.

2        93.    In failing and/or refusing to take immediate and appropriate corrective action to end

3    the discrimination, harassment, and retaliation, and in failing and/or refusing to take reasonable

4    steps necessary to prevent harassment, discrimination, and retaliation from occurring,

5    DEFENDANTS violated FEHA Sections 12940 (j) and (k), causing PLAINTIFF to suffer

6    damages, as set forth above.

7        94.    California Government Code Section 12940(k) provides that it is an unlawful

8    employment practice for an employer "to fail to take all reasonable steps necessary to prevent

9    discrimination ... from occurring."

10       95.    As alleged above, PLAINTIFF was repeatedly discriminated against by

11   DEFENDANTS.  DEFENDANTS, however, did nothing to rectify their unlawful conduct.  To the

12   contrary, despite PLAINTIFF'S requests for reasonable accommodations, and to take a corrective

13   action to end harassment and hostile work environment, DEFENDANTS failed to address

14   PLAINTIFF's requests and instead forced PLAINTIFF to resign.

15       96.    As a proximate result of DEFENDANTS' failure to adequately prevent the continued

16   discriminatory acts committed against PLAINTIFF, has suffered and continues to suffer compensatory

17   damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of

18   bonuses, emotional distress, mental anguish, embarrassment, humiliation,  loss of future advancement,

19   and damage to his reputation in the business community, in an amount according to proof at the time of

20   trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited. civil

21   action. PLAINTIFF claims such amounts as damages, together with prejudgment interest accruing

22   from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288,

23   and/or any other provision of law providing for prejudgment interest.

24       97.    As a proximate result of DEFENDANTS' failure to adequately prevent the continued

25   discrimination against PLAINTIFF, he has been forced to hire attorneys to prosecute the claims alleged

26   herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California

27   Government Code Section 12965(b), PLAINTIFF requests the award of attorneys' fees against

28   DEFENDANTS.

COMPLAINT FOR DAMAGES AND RESTITUTION

98.    DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring PLAINTIFF, and in conscious disregard of PLAINTIFFS rights and safety.  As such, PLAINTIFF is entitled to an award of punitive damages in an amount according to proof.

**FIFTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF THE FEHA**
**(AGAINST ALL DEFENDANTS)**

99.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

100.    California Government Code Sections 12940(h) prohibit employers from retaliating against employees who have engaged in protected activity under the FEHA, including taking sick time off and requesting to work under medical restrictions.

101.    DEFENDANTS are liable under Sections 12940 for retaliating against PLAINTIFF because he engaged in a protected activity by requesting reasonable accommodations for his actual and/or perceived disabilities, including requesting and taking accrued paid sick leave and requesting to work under medical restrictions.

102.    As alleged above, DEFENDANTS retaliated against PLAINTIFF, by among other acts, subjected him to pretextual write-up, removed him from the Tournament List, harassed him, created a hostile work environment, and forced him to resign.

103.    As a proximate result of DEFENDANTS' retaliation against PLAINTIFF, he has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to his reputation in the business community, in an amount according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. PLAINTIFF claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

104.    As a proximate result of DEFENDANTS' retaliation against PLAINTIFF, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees.  Pursuant to California Government Code Section 12965(b), PLAINTIFF requests the award of attorneys' fees against DEFENDANTS.

105.    DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring PLAINTIFF, and in conscious disregard of PLAINTIFF's rights and safety.  As such, PLAINTIFF is entitled to an award of punitive damages in an amount according to proof.

## SIXTH CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT AND HARASSMENT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940(j)
### (AGAINST ALL DEFENDANTS)

106.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

107.    The actions of DEFENDANTS, as described in this Complaint, constitute unlawful harassment and discrimination.

108.    The harassment and discrimination by DEFENDANTS created a hostile, intimidating, abusive, and oppressive work environment for PLAINTIFF, whereby the condition of his employment was adversely affected.  Moreover, the harassment and discrimination impeded PLAINTIFF'S progress and the enjoyment of his employment with DEFENDANTS.

109.    DEFENDANTS' harassing conduct was so severe or pervasion, that a reasonable person in PLAINTIFF's circumstances would have considered the work environment to be hostile or abusive and PLAINTIFF was in fact considered the work environment to be hostile or abusive.

110.    DEFENDANTS' harassment and discrimination described in this Complaint violate the FEHA as promulgated in Government Code Section §12940 et seq. and other state and federal statutes that prohibit harassment and discrimination in employment, including the California Constitution and Civil Rights Act, as amended, by creating a hostile work environment and harassing PLAINTIFF because of his disability, engagement in protected activities, and/or some

combination of these protected characteristics, as set forth herein.

111. As a direct and proximate result of DEFENDANTS' unlawful conduct against PLAINTIFF, he has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to his reputation in the business community, in an amount according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. PLAINTIFF claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

112. As a proximate result of DEFENDANTS' unlawful acts against PLAINTIFF, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b), PLAINTIFF requests the award of attorneys' fees against DEFENDANTS.

113. DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring PLAINTIFF, and in conscious disregard of PLAINTIFF's rights and safety. As such, PLAINTIFF is entitled to an award of punitive damages in an amount according to proof.

### SEVENTH CAUSE OF ACTION
### CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY
### (AGAINST ALL DEFENDANTS)

114. PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

115. At all times herein mentioned PLAINTIFF was fully competent to perform the duties to which he was assigned.

116. Under California law, no employee, whether he/she is an "at will" employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy, or because he/she reported behavior of their employer that

he/she reasonably believe constitutes discriminatory or illegal conduct. In recent years, the California Supreme Court has interpreted a fundamental public policy to be any articulated constitutional, statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

117.    PLAINTIFF exercising his legal rights to protest harassment, hostile work environments, unequal treatment based on disability, and discrimination in the workplace, unlawful UNIFORM deductions, unpaid overtime, and unsanitary working conditions, as stated in this Complaint, was a substantial factor in DEFENDANTS' decision to harass the PLAINTIFF and force him to resign his employment.

118.    DEFENDANTS intentionally and willfully created and knowingly permitted these working conditions.

119.    These working conditions as stated in this Complaint were so intolerable that a reasonable person in PLAINTIFF'S position would have had no reasonable alternative except to resign and PLAINTIFF in fact resigned because of these working conditions.

120.    PLAINTIFF'S was subjected to hostile and oppressive working conditions that violated the fundamental public policy of this State prohibiting discrimination on the basis of disability, and engagement in a protected activity. This public policy is embodied in following public policy statutes: California Fair Employment and Housing Act, California Government Code Section 12940(a), which prohibits discrimination and/or harassment against an employee based on disability; California Government Code Section 12940(i), which prohibits ratification of unlawful conduct by an employer; California Government Code Section 12940(j), under which an employer is strictly liable for a supervisor's harassment of a subordinate, and for the unlawful acts of non-supervisory employees and/or third persons whom the employer knows or should have known have committed discriminatory or harassing acts against an employee; California Government Code Section 12940(k), which requires an employer to take all reasonable steps to prevent harassment and discrimination from occurring in the workplace.

121.    PLAINTIFF believes and thereon alleges that his disability, and engaging in protected activity by complaining of harassment, discrimination, and retaliation and protesting DEFENDANTS' unlawful acts, were substantial and motivating factors in DEFENDANTS' conduct as alleged herein.

122.    As a direct and proximate result of DEFENDANTS' unlawful conduct against PLAINTIFF, he has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to his reputation in the business community, in an amount according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. PLAINTIFF claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

123.    As a proximate result of DEFENDANTS' unlawful acts against PLAINTIFF, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees.  Pursuant to California Government Code Section 12965(b), PLAINTIFF requests the award of attorneys' fees against DEFENDANTS.

124.    DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring PLAINTIFF, and in conscious disregard of PLAINTIFF's rights and safety.  As such, PLAINTIFF is entitled to an award of punitive damages in an amount according to proof.

**EIGHTH CAUSE OF ACTION**
**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**
**REFUSED TO HIRE OR EMPLOY**
**(AGAINST ALL DEFENDANTS)**

125.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

126.    California Government Code Section 12940(a) prohibits an employer from

discriminating against an applicant on the basis of disability.  Pursuant to California Government Code Section 12926.1(b), "disability" includes, without limitation, protection from discrimination due to actual or perceived physical or mental condition that is disability, potentially disability, or perceived as disability or potentially disabling.

127.    PLAINTIFF is a disabled individual because he suffered from physical disabilities which limited his ability to engage in life activities, including work.  Moreover, PLAINTIFF was perceived as disable by DEFENDANTS.  PLAINTIFF is further informed and believes, and based thereon alleges, that he was discriminated against and not selected for employment at the San Diego location because he was actually disabled and/or perceived as disable.

128.    As a proximate result of DEFENDANTS' discrimination against PLAINTIFF, he has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to his reputation in the business community, in the amount according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as unlimited civil action.  PLAINTIFF claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Section 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

129.    As a proximate result of DEFENDANTS' discrimination against PLAINTIFF, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees.  Pursuant to California Government Code Section 12964(b), PLAINTIFF requests the award of attorneys' fees against DEFENDANTS.

130.    DEFENDANTS committed the acts alleged maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring the PLAINTIFF, and in conscious disregard of PLAINTIFF'S rights and safety.  As such, PLAINTIFF is entitled to an award of punitive damages in an amount according to proof.

///

///

## NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

131.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

132.    The wrongful and unlawful practices and other misconduct set froth herein, committed by DEFENDANTS, as herein allege, exceeded the normal risks of employment relationship that PLAINTIFF had with employer.  DEFENDANTS wrongfully, willfully, and/or intentionally sought to inflict emotional distress upon PLAINTIFF through the conduct, actions and/or omissions described herein.  As such the subject conduct was so extreme and outrageous that it exceeded the boundaries of decency in a civilized society and lies outside the compensation bargain.

133.    DEFENDANTS were in a position of power over PLAINTIFF with the potential to abuse that power.  PLAINTIFF was in a vulnerable position because of his relative lack of power; he depended on his employment for his self-esteem and sense of belonging; he relied upon his employment as a source of income for his support and the support of his family.  DEFENDANTS' unlawful conduct of discriminating against the PLAINTIFF on the basis of his disability, and engagement in protected activity harmed his ability to find other comparable employment.  DEFENDANTS were aware of this vulnerability and the reasons for it.

134.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS knew, must have known, should have known, or had reason to know that their conduct, as herein alleged, was substantially certain to inflict emotional distress upon PLAINTIFF.  As such DEFENDANTS' conduct was intentional, malicious and carried out with a deliberate, conscious and/or reckless disregard of the high degree of probability that such conduct would inflict extreme emotional distress upon the PLAINTIFF.  Additionally, the aforesaid conduct was also in direct violation of California law and public policy.

135.    Therefore, as a direct, foreseeable, legal and proximate result of said

1  DEFENDANTS' intentional, willful, deliberate conduct, as herein allege, PLAINTIFF suffered and
2  continue to suffer loss of his reputation, shame, mortification, humiliation, embarrassment, severe
3  mental and emotional distress and anguish as well as severe anxiety, trepidation, apprehension,
4  panic, dread, fear, worry, and hurt feelings all of his damages in an amount to be proven at trial.
5  DEFENDANTS' constructive discharge of PLAINTIFF and the manner in which they
6  accomplished it was outrageous in that PLAINTIFF was discriminated against and forced to resign
7  because of his disability and because of he protested to DEFENDANTS' unlawful actions, and in
8  that DEFENDANTS at all times intended to discriminate against and force PLAINTIFF to resign,
9  leaving PLAINTIFF without his employment and without the income, sense of self-worth, and
10  security that he derived from his employment, and that DEFENDANTS knew he derived from his
11  employment.  The acts, omissions, and conduct of DEFENDANTS was and continues to be
12  oppressive, deliberate, intentional, reprehensible, and malicious and was carried out in conscious
13  disregard of their probable outcome.

14      136.    DEFENDANTS acted in a willful, deliberate and intentional manner and their
15  conduct was and continues to be despicable, malicious and outrageous in that it has caused and
16  continues to cause PLAINTIFF to needlessly suffer cruel and unjust hardship. Thus,
17  DEFENDANTS' conduct, actions and/or omissions, as herein set forth, justify an award of punitive
18  damages in an amount sufficient to deter them from ever engaging in such conduct again in the
19  future.

20      **TENTH CAUSE OF ACTION**
      **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
21      **(AGAINST ALL DEFENDANTS)**

22      137.    PLAINTIFF repeats and re-alleges all allegations contained in preceding
23  paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and
24  further alleges:

25      138.    DEFENDANTS' failure to treat PLAINTIFF equally as other employees not
26  affected by disability and/or other employees who did not engage in a protected activity was a
27  breach of their duty as an employer and under the laws of the State of California.

28      139.    As a direct result of their failure to treat him equally, refrain from discriminating

and retaliating against him because he complained about the discrimination, hostile work environment, retaliation, unsanitary working conditions, and requirements to pay taxes for the STAFF DRESS caused him great emotional distress. This distress was compounded when he was forced to resign his job.

**ELEVENTH CAUSE OF ACTION**
**WHISTLEBLOWER VIOLATIONS**
**CALIFORNIA LABOR CODE §§ 1102.5, 96k AND 98.6**
**(AGAINST ALL DEFENDANTS)**

140.   PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

141.   At all times herein mentioned, PLAINTIFF was an employee of DEFENDANTS. DEFENDANTS were subject to California law.

142.   Labor Code §98.6 provides: "an employer may not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against an employee engaged in any conduct described in subdivision (k) of section 96, or because the employee has made a written or oral complaint that he is owed unpaid wages, or because of exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her."

143.   California Labor Code § 1102.5 provides:

 (a) "An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or

federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(c) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

144.    DEFENDANTS retaliated against PLAINTIFF for blowing the whistle, complaining, opposing and protesting against DEFENDANTS' unlawful activities, which included but not limited to, hostile work environment, disability discrimination, unlawful STAFF DRESS deductions, retaliation for taking accrued sick time off, unsanitary working conditions, and wage and hour violations, where PLAINTIFF had reasonable cause to believe DEFENDANTS were violating the law.

145.    It is a violation of the California whistleblower statute, Cal. Labor Code. § 1102.5, and public policy to unlawfully retaliate, punish, discharge, deny promotion, or take any adverse employment action for refusing to violate the law and/or for protesting unlawful activities to a government agency or the employee's employer.

146.    PLAINTIFF was a whistleblower pursuant to Cali. Labor Code § 1102.5, as PLAINTIFF engaged in protected activities, as alleged in this Complain.

147.    DEFENDANTS' violated Cal. Labor Code § 1102.5(a) as it made, adopted, and enforced rules, regulations and policies preventing PLAINTIFF from disclosing information to government agency, or to a person with authority over the employee, or to another employee who has authority to investigate, discovery, or correct the violation or non-compliances, where PLAINTIFF had reasonable cause to believe PLAINTIFF's employer was violating the law.

148.    DEFENDANTS violated Cal. Labor Code § 1102.5(b) as they retaliated against PLAINTIFF for protesting DEFENDANTS' unlawful actions to a person with authority over the employee, or to another employee who has authority to investigate, discovery or correct the violation or noncompliance, and because DEFENDANTS believed that PLAINTIFF disclosed or may disclose to state agency regarding DEFENDANTS' unlawful conduct including but not limited to disability discrimination, and unsanitary working conditions.

149.    PLAINTIFF was retaliated against as alleged in this Complaint because PLAINTIFF

refused to pay for STAFF DRESS that he believed resulted in a violation of state statutes (or PLAINTIFF reasonably believed to be in violation.)  DEFENDANTS were thus in violation of California Labor Code § 1102.5(c).

150.    When PLAINTIFF was subjected to the adverse employment actions as identified in this Complaint, DEFENDANTS' were substantially motivated by PLAINTIFF's complaints of violations of state and/or federal law (or PLAINTIFF reasonably believed to be in violation), and said complaints were substantial motivating factors and/or reasons in the decision to subject PLAINTIFF to the aforesaid retaliatory adverse employment actions, in violation of California Labor Code § 1102.5.

151.    By the acts and conduct of DEFENDANTS, PLAINTIFF has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earning and future earning capacity, attorneys' fees and other pecuniary loss not presently ascertained, for which PLAINTIFF will seek leave of court to amend when ascertained. PLAINTIFF also claims such amounts as damages pursuant to Civil Code §3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

152.    As a further direct and legal result of the acts and conduct of DEFENDANTS, PLAINTIFF, has been caused to, and did, suffer and continue to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety. The exact nature and extent of these injuries is presently unknown to PLAINTIFF, who will pray leave of court to assert the same when they are ascertained.

153.    The aforementioned acts of DEFENDANTS' individually, or by and through their managing agents, officers, and/or directors were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of PLAINTIFF, and each of them, and were done by managerial agents and employees of DEFENDANTS, or with the express knowledge, consent, and ratification of managerial employees of DEFENDANTS, with the intent to vex, injure, and annoy PLAINTIFF, such as to constitute oppression, fraud, or malice pursuant to California Civil Code § 3294, entitling PLAINTIFF to punitive  and exemplary damages in a sum which is an amount appropriate to punish and set an example of

1  DEFENDANTS, and each of them, to deter such conduct in the future, and to set an example for

2  others.

3      154.    PLAINTIFF is entitled to a civil penalty up to ten thousand dollars ($10,000) for

4  each violation of California Labor Code § 1102.5.

5      155.    As a result of the unlawful acts of DEFENDANTS, PLAINTIFF is entitled to

6  reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5.

7  PLAINTIFF's action enforces important rights affecting the public interest by bringing forth this

8  lawsuit to ensure DEFENDANTS refrain from unlawfully retaliating against employees for

9  blowing the whistle, thereby conferring a significant benefit on the general public and well being as

10  a result.  The necessity and financial burden of this private enforcement, as well as the interest of

11  justice, entitles PLAINTIFF to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

12      156.    PLAINTIFF has been generally damaged in an amount within the jurisdictional

13  limits of this Court.

**TWELFTH CAUSE OF ACTION**
**UNLAWFUL COLLECTION OR RECEIPT OF WAGES DUE**
**(LABOR CODE §§ 221, 224, 225)**
**(AGAINST ALL DEFENDANTS)**

16      157.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs

17  as though fully set forth in this cause of action, and incorporates them by reference, and further

18  alleges:

19      158.    Pursuant to California Labor Code § 221 and IWC Orders No. 7-2001,

20  DEFENDANTS are prohibited from collecting or receiving wages, and are required to provide

21  UNIFORMS to their employees free of charge.

22      159.    IWC Orders No. 7-2001, subdivision 9(A), provides that when uniforms are

23  required by the employer to be worn by the employee as a condition of employment, such uniforms

24  shall be provided and maintained by the employer. The term "uniform" includes wearing apparel

25  and accessories of distinctive design or color.

26      160.    PLAINTIFF was a non-exempt employee entitled to the protections of California

27  Labor Code §§ 221, 224, and Wage Order 7-2001.    During the course of PLAINTIFF's

28

employment, DEFENDANTS, engaged in a policy and practice of requiring PLAINTIFF to pay income taxation on the value of the UNIFORMS that DEFENDANTS require PLAINTIFF to wear in the discharge of his duties. The value of the UNIFORMS appear on PLAINTIFF's wage statements as "Additional Taxable Other Compensation." UNIFORMS are valued at hundreds of dollars by DEFENDANTS, thereby, subjecting PLAINTIFF to unlawful wage collections, deductions and withholdings that DEFENDANTS fail to reimbursed.

161. Labor Code § 225 provides in pertinent part that "[t]he violation of any provision of Sections 221… is a misdemeanor." Labor Code § 225.5 provides in pertinent part,

"In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section … 221 …shall be subject to a civil penalty as follows:

(a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

162. In violation of state law, DEFENDANTS have knowingly and willfully refused to perform their obligations to provide UNIFORMS free of charge, and have instead charged PLAINTIFF for UNIFORMS required in the discharge of his duties.

163. As a direct result, PLAINTIFF has suffered and continues to suffer, substantial losses related to the use and enjoyment of such wages, loss interest on such wages, and expenses and attorneys' fees, and costs in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at times of trial, and within the jurisdiction of this Court.

164. DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFF, for improper motives amounting to malice, and in conscious disregard of PLAINTIFF' rights.

165. PLAINTIFF is thus entitled to recover the unpaid balance of compensation due, wages owed, interest, civil and statutory penalties, nominal, actual, compensatory, punitive, and

exemplary damages, attorneys' fees, and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

166.    WHEREFORE, PLAINTIFF requests relief as described below.

## THIRTEENTH CAUSE OF ACTION
### FAILURE TO INDEMNIFY FOR EXPENDITURES INCURRED IN DISCHARGE OF DUTIES
### (LABOR CODE § 2802)
### (AGAINST ALL DEFENDANTS)

167.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

168.    Cal. Lab. Code §2802(a) provides in relevant part that:

"An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer...."

169.    California Code of Regulations, title 8 section 11070, subdivision 9(A) provides in relevant part that:

"When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term "uniform" includes wearing apparel and accessories of distinctive design or color."

170.    DEFENDANTS' business is part of the "Mercantile Industry" within the meaning of California Code of Regulations, title 8 section 11070.

171.    DEFENDANTS required the PLAINTIFF to purchase and wear NIKE athletic clothing (T-shirts, pants, and shoes) with the NIKE logo and name affixed thereon, in the discharge of his employment duties without reimbursement from DEFENDANTS for the alleged value of the UNIFORMS, which was assessed by DEFENDANTS alone.

172.    By their actions alleged herein, DEFENDANTS violated § 2802 of the California Labor Code and California Code of Regulations, title 8 section 11070.

173.    As a result of the unlawful acts of DEFENDANTS, PLAINTIFF has incurred expenditures and losses in an amount to be determined at trial.

174.    Pursuant to California Labor Code § 2802, DEFENDANTS are required to fully reimburse PLAINTIFF for all out-of-pocket expenses incurred by him in the performance of his job

duties.

175.    DEFENDANTS failed to reimburse PLAINTIFF for the UNIFORMS that they caused PLAINTIFF to pay additional taxation thereupon.

176.    Pursuant to Labor Code § 2802, PLAINTIFF is entitled to recover from DEFENDANTS the full amount of the expenses he incurred in the performance of his job duties, plus interest, reasonable attorneys' fees, and costs of suit, and penalties.

177.    As a direct and proximate result of DEFENDANTS' unlawful failure to reimburse PLAINTIFF for the UNIFORMS, PLAINTIFF suffered, and will continue to suffer, damages in amounts according to proof at the time of trial.

178.    In failing to reimburse PLAINTIFF for the UNIFORMS, DEFENDANTS acted maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to PLAINTIFF by reaping economic gain at PLAINTIFF's expenses, in willful and conscious disregard of PLAINTIFF's statutory and regulatory rights.

WHEREFORE, PLAINTIFF seeks the relief as described below.

## FOURTEENTH CAUSE OF ACTION
### ILLEGAL TERMS OF EMPLOYMENT
### (LABOR CODE §432.5)
### (AGAINST ALL DEFENDANTS)

179.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

180.    California Labor Code § 432.5 prohibits employers from requiring any applicant or employee to agree to any illegal employment terms or conditions.

181.    DEFENDANTS coerced and manipulated PLAINTIFF to consent in writing for the unlawful deduction of wages attributed to the "Additional Taxable Other Compensation" for the alleged value of UNIFORMS.  PLAINTIFF was compelled to accept as a condition or term of his employment the UNIFORMS at least 4 times a year.

182.    PLAINTIFF was required to sign and date "Retail New Hire Policy Acknowledgment Form" specifically stating the following:

"Retail Staff Package Agreement: It is my understanding that the total amount of my uniforms provided to me by Nike Inc. will be considered taxable wages on my paycheck. The total amount will be included in my gross wages and taxed at my current withholdings." *See*, **Exhibit "4."**

183.    PLAINTIFF suffered damages in amounts according to proof at the time of trial as a direct and proximate result of DEFENDANTS' willful conduct of requiring PLAINTIFF to agree to illegal terms and conditions of employment.

184.    PLAINTIFF is entitled to recover from DEFENDANTS the full amount of the expenses, losses, deductions and withholdings incurred as a result of DEFENDANTS' unlawful policies and practices compelling PLAINTIFF to consent in writing to illegal terms and conditions of employment, plus interest, reasonable attorneys' fees, and costs of suit and penalties.

WHEREFORE, PLAINTIFF seeks the relief as described below.

**FIFTEENTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE TO A DISCHARGED OR QUITTING EMPLOYEE**
**(LABOR CODE §§ 201-203)**
**(AGAINST ALL DEFENDANTS)**

185.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

186.    Cal. Lab. Code §201 provides in relevant part that: "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

187.    Cal. Lab. Code §202 provides in relevant part that: "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

188.    As alleged herein, DEFENDANTS failed to pay earned wages to PLAINTIFF, a former employee of DEFENDANTS, at the time they became due and payable. Thus, DEFENDANTS violated Cal. Lab. Code §§201 and 202.

189.    As a result of DEFENDANTS' unlawful acts, PLAINTIFF is entitled to recover,

1    pursuant to Cal. Lab. Code §203, continuing wages as a penalty from the due date thereof at the

2    same rate until paid or until this action was commenced; but for no more than 30 days.

3        190.    DEFENDANTS' failure to pay PLAINTIFF the respective wages due and owing

4    was willful, as DEFENDANTS were appraised of wages due, and a demand was made for payment

5    of all wages due.

6        191.    DEFENDANTS' failure to pay PLAINTIFF all wages due were done with the

7    wrongful and deliberate intention of injuring PLAINTIFF, for improper motives amounting to

8    malice and in conscious disregard to PLAINTIFF's rights.

9        192.    DEFENDANTS' willful failure to pay PLAINTIFF the wages due and owing

10   constitutes violations of Labor Code §§ 201, 202, and 203.  Therefore, PLAINTIFF is entitled to

11   penalties, attorneys' fees, and costs incurred in this action.

12       WHEREFORE, PLAINTIFF seeks the relief as described below.

13

**SIXTEENTH CAUSE OF ACTION**
**FAILURE TO FURNISH ITEMIZED STATEMENTS**
**(CALIFORNIA LABOR CODE §226, 246(i))**
**(AGAINST ALL DEFENDANTS)**

14

15

16       193.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs

17   as though fully set forth in this cause of action, and incorporates them by reference, and further

18   alleges:

19       194.    Labor Code § 226(a) requires employers to maintain accurate records for each

20   employee's hours of work and to provide each employee with an accurate wage statements in

21   writing setting forth, among other things: gross wages earned; total hours worked by the employee;

22   net wages earned; all applicable hourly rates in effect during the pay period and the corresponding

23   number of hours worked at each hourly rate by the employee, and all deductions made.

24       195.    DEFENDANTS intentionally failed to furnish PLAINTIFF itemized wages

25   statements upon each payment of wages *accurately* showing deductions made, gross wages, and

26   net wages earned during each pay period.

27       196.    Such wage statements were incorrect because the wage statements do not accurately

28   reflect the following: the gross wages earned following the inclusion of the "Additional Taxable

1  Compensation" as a result of the charges for the UNIFORMS; the net wages earned; the actual

2  amount of deductions of wages caused by the inclusion of the "Additional Taxable Other

3  Compensation" for the UNIFORMS.

4      197.    Furthermore, as a result of the alleged minimum and overtime wage violations, as

5  well as the meal and rest break violations, DEFENDANTS failed to provide accurate wage

6  statements reflecting the accurate total number of hours worked and the total/gross pay of

7  Plaintiff's wages.  DEFENDANTS, as a matter of policy and practice, did not provide accurate

8  records in violation of Labor Code § 226.

9      198.    In addition, Labor Code § 246(i) requires an employer to provide an employee with

10  written notice that sets forth the amount of paid sick leave available, or PTO leave an employer

11  provides in lieu of sick leave, for use on either the employee's itemized wage statement described

12  in Section 226 or in a separate writing provided on the designated pay date with the employee's

13  payment of wages.

14      199.    DEFENDANTS not only failed to comply with the accrual rate specified in section

15  246(a), but also, failed to comply with the written notice requirements of 246(i).  PLAINTIFF's

16  itemized wage statements contain blank sections under "Paid Time Off" …. "Balance" ….. "ESPP

17  Period" … and "Balance."    No reference is made to the amount of sick leave available on

18  PLAINTIFF' wage statements.

19      200.    DEFENDANTS willfully failed to comply with the notice requirements and failed

20  to provide the PLAINTIFF with a separate writing on the designated pay date setting forth the

21  amount of paid sick leave available.

22      201.    PLAINTIFF, as a result, has suffered an "injury" within the meaning of the Labor

23  Code §226(e) as a result of the DEFENDANTS failure to provide a complete and accurate wage

24  statements containing all the delineated categories of information required by Labor Code § 226(a)

25  because the PLAINTIFF could not "promptly and easily determine" from the wage statement alone

26  information required by Labor Code § 226(a).

27      202.    In failing to comply with the requirements of section 226(a) and 246(i),

28  DEFENDANTS acted maliciously, oppressively, and despicably, with the wrongful intention of

1   causing injury and hardship to PLAINTIFF by reaping economic gain at PLAINTIFF expense, in

2   willful and conscious disregard of PLAINTIFF's statutory and regulatory rights.

3       203.    Cal. Lab. Code §226(b) provides in relevant part that:

4   "Any employee suffering injury as a result of any knowing and intentional failure by an
    employer to comply with subdivision (a) shall be entitled to recover the greater of all actual

5   damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one
    hundred dollars ($100) per employee for each violation in a subsequent pay period, not

6   exceeding an aggregate penalty of four thousand dollars ($4,000) and shall be entitled to an
    award of costs and reasonable attorney's fees."

7
        204.    PLAINTIFF is entitled to an award of costs and reasonable attorney's fees pursuant
8
    to California Labor Code section 226(e).
9

10      205.    Cal. Lab. Code §226.3 states in relevant part that:

11  "Any employer who violates subdivision (a) of Section 226 shall be
    subject to a civil penalty in the amount of two hundred fifty dollars ($250)

12  per employee per violation in an initial citation and one thousand dollars
    ($1,000) per employee for each violation in a subsequent citation, for

13  which the employer fails to provide the employee a wage deduction
    statement or fails to keep the records required in subdivision (a) of Section

14  226. The civil penalties provided for in this section are in addition to any
    other penalty provided by law."
15
        206.    PLAINTIFF is entitled to amounts provided herein plus costs and attorney's fees.
16
        207.    WHEREFORE, PLAINTIFF seeks the relief as described below.
17
                         **SEVENTEENTH CAUSE OF ACTION**
18              **FAILURE TO PROVIDE PAYROLL RECORDS**
                         **(LABOR CODE § 226)**
19                  **(AGAINST ALL DEFENDANTS)**

20      208.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs

21  as though fully set forth in this cause of action, and incorporates them by reference, and further

22  alleges:

23      209.    Employers are required to permit current and former employees to inspect or copy

24  payroll records pertaining to that current or former employee.  Cal. Lab. Code Section 226(b).

25      210.    An employer who receives a written or oral request from a current or former

26  employee to inspect or copy his or her payroll records shall comply with the request as soon as

27  practicable, ***but no later than 21 calendar days from the date of the request***.    Failure by an

28  employer to permit a current or former employee to inspect or copy his or her payroll records

within the 21 calendar day period entitles the current or former employee to recover a penalty in the amount of seven-hundred-fifty-dollar ($750) from the employer in a civil action before a court of competent jurisdiction.  An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees. Cal. Lab. Code § 226, subdivisions (c), (f), and (h).

211.    DEFENDANTS willfully failed to permit PLAINTIFF to inspect or copy his payroll records within 21 calendar days of his request, as specified in this Compliant.

212.    As a result of DEFENDANTS' failure to comply with Cal. Lab. Code § 226(b), PLAINTIFF is entitled to recover a penalty in the amount of seven-hundred-fifty-dollar ($750) from the DEFENDANTS, and injunctive relief, an award of costs and reasonable attorney's fees incurred.

213.    WHEREFORE, PLAINTIFF requests the relief as described below.

### EIGHTEENTH CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE AND WAGES FOR ALL HOURS WORKED
### (LABOR CODE §§ 1197, 1194, 1194.2, 1197.1)
### (AGAINST ALL DEFENDANTS)

214.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

215.    Cal. Lab. Code §1197 provides that: "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

216.    Cal. Lab. Code §1194 provides in relevant part that any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

217.    California Code of Regulation title 8, §11070(4)(A) provides that employers must pay all employees not less than the lawful minimum wage for all hours worked.

218.    DEFENDANTS' business is part of the "Mercantile Industry" within the meaning of

1 │ California Code of Regulation title 8, §11070(2)(H).

2 │     219.    PLAINTIFF was a non-exempt employee within the meaning of Cal. Code of
3 │ Regulations tit. 8, §11070.

4 │     220.    As alleged herein, DEFENDANTS required PLAINTIFF to purchase and maintain
5 │ DEFENDANTS' UNIFORMS and to wear such UNIFORMS while at work as a condition of
6 │ employment.  After deducting the taxes from the wages of the PLAINTIFF for the applicable work
7 │ week, DEFENDANTS failed to pay PLAINTIFF appropriate minimum wages.

8 │     221.    Additionally, as a pattern and practice, DEFENDANTS regularly required
9 │ PLAINTIFF to clock out upon the end of his work shift or upon the start of his meal breaks.
10 │ However, upon clocking out, PLAINTIFF was not allowed to be released from work. Rather,
11 │ PLAINTIFF was required to further wait and to be checked out by a manager/supervisor. It was
12 │ only after being checked out by a manager/supervisor, PLAINTIFF was released and allowed to be
13 │ off work. Such "check out" time was not recorded and was not counted as hours worked for
14 │ purposes of payment of wages.

15 │     222.    As a pattern and practice, DEFENDANTS regularly failed to pay PLAINTIFF
16 │ proper minimum wages as a result of such violation.  Hence, DEFENDANTS violated Cal. Lab.
17 │ Code §1197 and are liable to PLAINTIFF.

18 │     223.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS
19 │ willfully failed to pay PLAINTIFF all minimum wages. PLAINTIFF is informed and believes and
20 │ based thereon alleges DEFENDANTS' willful failure to provide all minimum wages due and
21 │ owing him upon separation from employment results in a continued payment of wages up to thirty
22 │ (30) days from the time the wages were due. Therefore, PLAINTIFF is entitled to compensation
23 │ pursuant to *Labor Code* § 203.

24 │     224.    As a result of a pattern, practice, and uniform administration of corporate policy,
25 │ PLAINTIFF has been deprived of compensation in amounts to be determined at trial, and is entitled
26 │ to recovery of such amounts, including interest thereon, attorneys' fees, costs, liquidated damages,
27 │ and any other damages as set forth under California law, including statutory penalties.

28 │     225.    WHEREFORE, PLAINTIFF seeks to request relief as described below.

## NINETEENTH CAUSE OF ACTION
## COERCION
## LABOR CODE § 450
## (AGAINST ALL DEFENDANTS)

226.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

227.    Cal. Lab. Code §450(a) provides in relevant part that: "No employer, or agent or officer thereof, or other person, may compel or coerce any employee to patronize his or her employer, or any other person, in the purchase of any thing of value."

228.    As alleged herein, DEFENDANTS required PLAINTIFF to purchase DEFENDANTS' clothing, as a condition of employment.

229.    By their actions herein, DEFENDANTS violated Section 450 of the California Labor Code.

230.    As a result of the unlawful acts of DEFENDANTS, PLAINTIFF has incurred wage losses in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest therein, attorney's fees, costs, and any other damages set forth under California law.

231.    WHEREFORE, PLAINTIFF seeks to request relief as described below.

## TWENTIETH CAUSE OF ACTION
## FAILURE TO PROVIDE OVERTIME COMPENSATION
## (AGAINST ALL DEFENDANTS)

232.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

233.    At all times relevant herein, DEFENDANTS were required to compensate their non-exempt employees overtime wages for all overtime hours worked.

234.    As a pattern and practice, DEFENDANTS regularly required PLAINTIFF to clock out upon the end of his work shift or upon the start of his meal breaks.  However, upon clocking out, PLAINTIFF was not allowed to be released from work.  Rather, he was required to further wait and to be checked out by a manager/supervisor.  It was only after being checked out by a

1    manager/supervisor, PLAINTIFF was released and allowed to be off work.  Such "check out" time

2    was not recorded and was not counted as hours worked for purposes of payment of wages.

3        235.    As a pattern and practice, DEFENDANTS regularly failed to pay PLAINTIFF

4    proper overtime wages as a result of such violations.

5        236.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS

6    willfully failed to pay PLAINTIFF all overtime wages.  PLAINTIFF is informed and believes and

7    based thereon alleges DEFENDANTS' willful failure to provide all overtime wages due and owing

8    them upon separation from employment results in a continued payment of wages up to thirty (30)

9    days from the time the wages were due. Therefore, PLAINTIFF who has separated from

10   employment is entitled to compensation pursuant to *Labor Code* § 203.

11       237.    Such a pattern, practice and uniform administration of corporate policy regarding

12   illegal employee compensation as described herein is unlawful and creates an entitlement to

13   recovery by PLAINTIFF in a civil action, for the unpaid balance of the full amount of overtime

14   wages owing, including interest thereon, applicable penalties, attorney's fees, and costs of suit.

15       238.    WHEREFORE, PLAINTIFF seeks the relief as described below.

16                        **TWENTY-FIRST CAUSE OF ACTION**
                          **FAILURE TO PROVIDE MEAL BREAKS**
17                           **(AGAINST ALL DEFENDANTS)**

18       239.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs

19   as though fully set forth in this cause of action, and incorporates them by reference, and further

20   alleges:

21       240.    At all times relevant herein, DEFENDANTS were required to provide their non-

22   exempt employees with a full 30 minute to take their meal breaks.

23       241.    As a pattern and practice, DEFENDANTS regularly required PLAINTIFF to clock

24   out upon the start of this meal breaks. However, upon clocking out, PLAINTIFF was not allowed

25   to be released from work and take his meal break.  Rather, PLAINTIFF was required to further

26   wait and to be checked out by a manager/supervisor. It was only after being checked out by a

27   manager/supervisor, PLAINTIFF was released and allowed to take his meal break.  Such "check

28

out" time prevented PLAINTIFF from taking a full 30 minutes meal breaks.

242.    As a pattern and practice, DEFENDANTS regularly failed to pay PLAINTIFF proper meal break premiums as a result of such violations.

243.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay PLAINTIFF all meal period premiums.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide all meal period premiums due and owing to PLAINTIFF upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, PLAINTIFF, who has separated from employment, is entitled to compensation pursuant to *Labor Code* § 203.

244.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by PLAINTIFF in a civil action, for the unpaid balance of the full amount of meal period premiums owing, including interest thereon, applicable penalties, attorneys' fees, and costs of suit.

245.    WHEREFORE, PLAINTIFF seeks the relief as described below.

## TWENTY-SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE REST BREAK PERIODS
### (AGAINST ALL DEFENDANTS)

246.    PLAINTIFF repeats and re-alleges all allegations contained in preceding paragraphs as though fully set forth in this cause of action, and incorporates them by reference, and further alleges:

247.    At all times relevant herein, DEFENDANTS were required to provide their non-exempt employees with a full 10 uninterrupted minutes to take their rest breaks.

248.    As a pattern and practice, upon the start of his rest breaks, DEFENDANTS regularly required PLAINTIFF to further wait and to be checked out by a manager/supervisor before being allowed to leave the employer's premises. It was only after being checked out by a manager/supervisor, PLAINTIFF was released and allowed to take his rest break.  Such "check out" time prevented PLAINTIFF from taking a full 10 minutes for his rest breaks.

249.    As a pattern and practice, DEFENDANTS regularly failed to PLAINTIFF proper rest break premiums as a result of such violations.

250.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay PLAINTIFF all rest period premiums.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide all rest period premiums due and owing PLAINTIFF upon separation from his employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, PLAINTIFF, who has separated from employment, is entitled to compensation pursuant to *Labor Code* § 203.

251.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by PLAINTIFF in a civil action, for the unpaid balance of the full amount of rest period premiums owing, including interest thereon, applicable penalties, attorneys' fees, and costs of suit.

252.    WHEREFORE, PLAINTIFF seeks the relief as described below.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF, hereby, demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, prays for relief and judgment against DEFENDANTS, jointly and severally, as follows:

1.   For all actual, consequential and incidental financial losses, including, but not limited to, loss of earnings, employee benefits, pain and suffering, according to proof, together with prejudgment interest

2.   For payment of overtime compensation, according to proof at trial, plus interest;

3.   For compensation of one hour at the regular rate of pay for each rest period not provided, according to proof;

4.   For compensation of one hour at the regular rate of pay for each meal period not provided according to proof;

5.   For all statutory penalties;

6.   An award of waiting time penalties, according to proof, plus interest on that amount to PLAINTIFF;

7.   For general damages, according to proof;

8.   For special damages, according to proof;

9.   For prejudgment interest, and post judgment interest, according to proof;

10. For punitive and exemplary damages, according to proof;

11. For costs of suit incurred herein;

12. For liquidated damages pursuant to California Labor Code §1194.2;

13. For reasonable attorneys' fees as provided by statute, including but not limited to California Code of Civil Procedures § 1021.5 and California Labor Code §§ 218.5, 222(e), 1194;

14. For injunctive relief pursuant to California Labor Code section 226(h);

15. For such other relief and the Court may deem just and proper.

16. PLAINTIFF reserves the right to amend his prayer for relief.

Dated:  September 30, 2017           Respectfully submitted,


LAW OFFICES OF NATALIE MIRZAYAN


By: _____

       Natalie Mirzayan, Esq.
       Attorneys for Plaintiff MADATYA NERSESIAN

COMPLAINT FOR DAMAGES AND RESTITUTION

# **EXHIBIT 1**

This letter is a follow up to the September 5th, write up which I received.  As you know when I came in to work on September 5, 2016, my back was hurting and I was uncomfortable.  As soon as I walked to the office, I felt I was blindsided, ambushed, and the work environment was so negative and tense that I couldn't write my comments on the write up.  I honestly was scared to say anything too with two managers in the room everyone was already mad at me for calling sick.  At first I thought I was called in to talk about my back pain and my chair request but I end up being reprimanded for something happened in the past – and I was told to sign a write up on the spot.  Even though I signed it, but I couldn't even read it – it was such an intimidating environment for me.  I don't know why it had to be like that.  I really don't think I have done anything wrong to deserve a write up.   The purpose of this letter is to ask you to reconsider my write up because I really am a hard working employee and I don't think it was fair.   I always try to even walk fast and work so fast because I don't want Christine to think I am not fast after what she said that "she is working circles around me." I think I try to move fast, it's just that standing all day on my feet makes my back hurt.

So after I went home and I read the write-up, this letter is my "Employee's Comments" section that I was too stressed out to read and to write the comments in the office especially I was given 4 pages of documents.   I just signed it but I really couldn't read it or write my comments for your re-consideration of the write up.

I don't think it's fair to write me up for something that happened 2 months ago because since the tardiness in July, I really haven't been late.  I get that the write up is because management is mad at me because I called in sick on Friday and Sunday but you have to understand that I didn't want to feel this way.  This is just adding a lot more stress into my life in addition to the stressful back pain I have.  I know management is mad because first, on Friday, September 2, when I called in sick and talked to Billy, and requested to use my sick time off Billy said "you are calling me on short notice…."  Then on Sunday September 4, when I called in sick on the phone Amanda transferred me to Billy and he told me "your doctors' note is not going to do anything.  Next time you work we'll have to talk about your attendance.  Also your availability was rejected so we need to fix that."

I needed the couple days off so that I can relax my back a little and hoping that I don't hurt my back more until I see a doctor since it was a holiday weekend and no Dr. was available to see me.  I needed the days off to relax my back because I know when I talked to Bre about how bad I was feeling on September 1, and I asked for a chair just to rest for a little, she said "I am sorry about your back.  But sorry if I accommodate you, I would have to do it for everyone else.  You can go to the doctor to see if they can help you out, but we still can't do anything about it."

I really didn't mean to call in sick and cause any problems to have my co-workers to cover my shift or anything.  It just seems like it is completely unacceptable for an employee to get sick and use the sick time available to him/her and I think that's just not fair.  This sick time is provided to us by law to hard working employees standing on their feet all day long and that are ending up with back pain - like me to use when we are not feeling good.  I did my best to come to work on Monday, September 5, even though I was not feeling good.

Also I read the 2-page document you gave me on September 5th titled "Retail New Hire Policy Acknowledgment Form" as an explanation to the uniform charges that I talked to Billy about, but I still don't think its lawful that I have to pay for the staff dress.  Billy said its "gift tax" and "it's 2% and I should be thankful for it".   I am sorry but I am not thankful paying for anything I can't afford.   When I

read the 2-page documents when I got home, because like I said I couldn't read it in the office, because the environment was so negative and I feel everyone is just on my case and picking on me, I didn't see anything about "gift tax."  I still think Nike shouldn't tax employees for uniforms.  I honestly just don't want any "gifts" and I don't want to pay tax on them.  I never asked for "gifts" – how is that even a gift? I kind of have really tight budget and I don't have extra money to pay for something that I don't want and Nike requires me to wear.  I am just cutting corners to make ends meet, that's why I wanted not to pay for the uniforms.  I am literally breaking my back to make a buck.

I also want to say that management is nitpicking and writing me up for "9 minutes late and a missed in punch on July 22, 2016" but Nike doesn't have a problem with all the minutes we spend of our time not getting paid when we have to clock out and wait for inspection before leaving the stores and clock out and wait for inspection before we leave for lunches.  Daily, I spent a bunch of time way more than 9 minutes waiting for inspection just to leave the store and all of that is not paid.  The 9 minutes is once happened in a year and I wasn't even paid for it or anything.  But I have worked for free for so many minutes a day, a week, and bunch all together in this year since I have been working here.  I forgot to punch once, I am sorry.  What's the point of punches if they are not reflective of the time we actually are spending in the store not allowed to leave and not paid for it?

I just want you to re-consider my write- up because it wasn't fair, and I am a hard working employee and I want good terms with employers.

# **<u>EXHIBIT 2</u>**

FOR INTERNAL USE ONLY

**6**

TEAM YEE!!!

## Team 1
Oscar
Chelsea
Mikaela
Nic A.
Christian
Michele
Nathan

## Team 2
Garrett
Samuel
Froi
Jake B.
Yovanna
Tristan
Jenna

## Team 3
Christina
Nicole
Shelby
Miguel
Ivan
Haley
Brett

## Team 4
Stacey
Zach J.
Dean
Spencer
Omran
Jacob S.
Shannon

## Team 5
Amanda
Priscilla
Riley
Nic B.
CJ
Katie
Olivia

## Team 6
Billy
Chris
Lalo
Josh
Karen
Zac T.
Anthony

## Team 7
Eric
Michael
Drell
Kimi
Mekenzie
Masie
Elly

## Team 8
Jake D.
Allen
JK
Seth
Cornell
Julia
Samantha

### Rules
.com $150+ TD 6pt
Pulse shoutout FG 3pt
.com sale <$150 2pt
Register shoutout:
        EP 1pt

**9**

IDP – INDIVIDUAL DEVELOPMENT PLAN

Individual Development Planning is part of the CFE process and provides employees with the opportunity to achieve their individual development goals and aspirations.

TERNAL USE ONLY.

S + GIRLS,

# EXHIBIT 3

# Health Care Provider's
# Medical Questionnaire

To: _____

From: Nike Employee Relations

## Request For Medical Information For Reasonable Accommodation

Employee Name: Madatya Nersesian (DOB: ▇▇▇▇)    Employee ID: ▇▇▇▇▇

Nike, Inc. is evaluating the need for reasonable accommodation for the employee indicated above. The information requested below is confidential and will only be used to determine the specific equipment and/or services necessary to accommodate the identified limitations, if any. The Genetic Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting, or requiring, genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

## Questionnaire

| | |
|---|---|
| 1) Does the individual have a physical or mental impairment that substantially limits[1] one or more major life activities[2]? | ☐ Yes  ☐ No |

1a) If "No," please sign the last page and you are finished. Thank you!

| | |
|---|---|
| 2) Is the impairment permanent? | ☐ Yes  ☐ No |

2a) If "No," please provide the anticipated duration: _____

2b) If "Yes," please identify and describe the extent of the limitations in the following activities: IN HOURS

| | | |
|---|---|---|
| ☐ Sitting ——————— | ☐ Standing ——————— | ☐ Walking ——————— |
| ☐ Lifting/Carrying ——————— | ☐ Pushing/Pulling ——————— | ☐ Squatting/Kneeling ——— |
| ☐ Bending/Stooping ——————— | ☐ Twisting (neck/waist) ——————— | ☐ Climbing ladders or stairs ——— |
| ☐ Seeing ——————— | ☐ Hearing ——————— | ☐ Speaking ——————— |
| ☐ Sleeping——————— | ☐ Eating ——————— | ☐ Breathing ——————— |
| ☐ Learning——————— | ☐ Reasoning ——————— | ☐ Concentrating ——————— |
| ☐ Thinking——————— | ☐ Mental/Emotional ——————— | ☐ Repetitive use of hands ——— |

---

[1] "Substantially limits" means "materially restricts" as compared to "most people"
[2] "Major life activities" can include, but are not limited to: "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reasoning, concentrating, thinking, communication and working. Also includes, the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions."

# Health Care Provider's Medical Questionnaire

| ☐ Grasping (fine finger motions) | ☐ Communication/Cooperation | ☐ Major Bodily Function (please identify) _____ |
|---|---|---|
| ☐ Other | ☐ Other | ☐ Other |

| **Please Review the Attached Job Description** | | |
|---|---|---|
| 3) From your review of the attached job description, can the individual perform the functions of this position? | ☐ Yes | ☐ No |
| 3a) If "Yes," please sign the last page and you are finished. Thank you! | | |
| 3b) If "No," please describe the functions in the job description that the individual cannot perform: | | |
| 4) Please identify and describe the extent of the limitations in the following activities: | | |
| 4a) Is the employee able to work in a typical office environment? | ☐ Yes | ☐ No |
| 5) If the individual is <u>not</u> able to perform all of the job functions as of the date you are completing this form, is there a date at which you anticipate that the individual will be able to perform them? | ☐ Yes | ☐ No |
| 5a) If "Yes," what is the anticipated date? _____ | | |
| 6) How do the limitation(s) identified above impair the individual's ability to perform the job functions? | | |
| 7) Would a reasonable accommodation enable the individual to perform the functions of this position? | ☐ Yes | ☐ No |
| 7a) If "Yes," please state what accommodation would enable the individual to perform the functions of this position: | | |
| 7b) How long would this accommodation need to be in place? | | |
| 8) Would performing any of the functions of this job result in a direct safety or health threat to the individual or others? | ☐ Yes | ☐ No |
| 8a) If "Yes," please describe any direct safety or health threat identified above: | | |

    Rev 7/1/09

# Health Care Provider's
# Medical Questionnaire

| 9) Would a reasonable accommodation eliminate any direct threat or reduce it below that of a direct threat? | ☐ Yes | ☐ No |
|---|---|---|

9a) If "Yes," please describe the accommodation:

## Health Care Providers Information

Provider's Name

Provider's Signature

Date

Provider Address

City

State

Zip

( )
Phone

Rev 7/1/09

# NIKE, Inc. Job Description

| Job Code | Title | |
|---|---|---|
| A1581 | SUPP INTER: STORE ASSOC | |
| Band | Level | FLSA Status |
| V | INTERMEDIATE SUPPORT | Non-Exempt |

| Pipeline | RETAIL |
|---|---|
| The nature of the work is focused on presenting and merchandising product to consumers. | |
| Family | STORES |
| In-store operations including direct sales and service to consumers, product flow and stock replenishment, maintaining appearance of sales floor, or managing the employees who perform these functions. | |
| Sub Family | RETAIL STORES |
| In-store operations including direct sales and service to consumers, product flow and stock replenishment, maintaining appearance of sales floor, or managing the employees who perform these functions. | |

| Band Level Criteria & Minimum Requirements for: | V Band / INTERMEDIATE SUPPORT |
|---|---|
| Overall | - Level for those with some work experience in the skill area |
| | - Has developed knowledge and skill to perform standardized tasks |
| | - Works within established procedures with a moderate degree of supervision |
| Business Expertise | - Has developed and established skills to perform a variety of day-to- day activities |
| Delivering Solutions | - Recognizes and solves typical problems that can occur in own work area, without supervisory approval |
| | - Typically finds solutions in existing procedures and precedents |
| Impact | - Makes decisions related to own work |
| | - Receives regular but moderate supervision and guidance |
| Resource Management | |
| Brand Protection/Promo | |
| Leadership | |
| Minimum Requirements | - Typically requires a high school diploma or equivalent and a minimum of 2 years relevant work experience |

# NIKE, Inc. Job Description

| Job Code | Title | |
|---|---|---|
| A1581 | SUPP INTER: STORE ASSOC | |
| Band | Level | FLSA Status |
| V | INTERMEDIATE SUPPORT | Non-Exempt |

### Key Job Accountabilities

Utilize customer service skills, basic sales techniques, and product knowledge to connect customers with the right product and drive sales.

Build the bond between consumer and brand by providing superior service and adapting brand stories to the retail setting.

Maintain knowledge or various store departments and be available to operate cash register for regular transactions, perform shipping and receiving duties, stock the floor, perform cleaning duties, and build visual displays when necessary

Assist Leads, Sr Associates, and Managers in training entry level associates

Assist with loss prevention efforts by providing proactive customer service. Stay vigilant for shoplifting or internal theft incidents and report suspicious activity to a supervisor.

Serve as a product knowledge resource for consumers and entry level associates. Seek educational opportunities to develop advanced level or specialized knowledge about selling, Nike products and culture, and sales and service techniques.

This position may have added responsibilities which may include Digital/Design expertise or other areas of focus as assigned by store leadership

| Key Capabilities (beyond minimum requirements for V Band / INTERMEDIATE SUPPORT) | |
|---|---|
| Specific Work Experience | 0-2 years retail experience |
| Physical Requirements | Typical Retail & Distribution: While performing the duties of this job, the employee may be required to perform a wide variety of physical tasks which are generally basic, repetitive, and routine in nature. The employee may be required to sit or stand for long periods of time, in addition to being required to walk, stoop, kneel, crouch, push, or pull. The employee may be frequently required to reach with hands and arms, and use hands to finger, handle, or feel small and medium sized articles and packaging requiring them to exert force or lift up to 50 pounds. The employee may be called upon to distinguish colors and shapes requiring sufficient visual acuity to identify the various types of product they are handling for building retail displays, handling inventory, or other retail related tasks. |
| Travel | |
| Irregular Work Hours | Yes |
| Certifications | |

**NIKE CONFIDENTIAL**
Note: Gray fields are common across the company
Date Created: 10/24/2016

RETAIL

# EXHIBIT 4

# RETAIL NEW HIRE POLICY ACKNOWLEDGMENT FORM

## Electronic Communication Policy
By signing this form I agree that I have received a copy of and will comply with the policies and guidelines set forth in the Electronic Communications Policy.

## A Matter of Respect Policy
By signing this form, I acknowledge that I have received and read Nike Inc.'s A Matter of Respect policy and understand its terms. I agree to comply with all the terms of this policy. In particular, I also understand that harassment, discrimination, and other inappropriate behavior, as defined by this policy, is unacceptable and will not be tolerated -- which means that if I violate this policy, I will be subject to immediate corrective action, up to and including termination.

If I have any questions concerning this policy now or in the future, I understand that I should address them with my immediate supervisor, Divisional Human Resource Manager, or Employee Relations Specialist.

## Employee Policies/Handbook Acknowledgement
By signing this form, I acknowledged that I have been informed of the location of Nike, Inc.'s Employee Policies/Handbook on the company intranet (ZERO) or via the Internet at https://nikebenefits.ehr.com and I agree to comply with the policies and guidelines set forth by Nike.

Nike policies may, and likely will, be updated from time to time.  The most current policies and guidelines published on the company intranet (ZERO) and on the Internet at https://nikebenefits.ehr.com shall supersede all prior policies and procedures.

I acknowledge that it is my responsibility to (and that I will) review the handbook and stay informed of the most current Nike policies and I agree to comply with them.

I understand that my employment with Nike is at will as it is not Nike's practice to enter into employment contracts, unless in writing and specifically approved by Nike's Chairman, President or Vice President. I understand that either I or Nike may end our employment relationship at any time.

## Retail Staff Package Agreement
It is my understanding that the total amount of my uniforms provided to me by Nike Inc. will be considered taxable wages on my paycheck. The total amount will be included in my gross wages and taxed at my current withholdings.

## Retail Conduct Standards
By signing this form, I acknowledge that I have read and understood the contents of the Retail Conduct Standards document and understand that Nike Inc. Retail employees are expected to understand and to adhere to all Retail Policies and Procedures. Any action that is determined to be detrimental to the best interest of Nike Inc. may result in corrective action, up to and including termination.

## Retail Attendance Expectations
By signing this form, I acknowledge that I have received and read the Retail Attendance Expectations. I understand that excessive tardiness, absenteeism, or a pattern of unacceptable attendance may result in corrective action up to and including termination.

_Madatya Nessesian_
EMPLOYEE NAME (Please Print)

_12/01/2015_
DATE

EMPLOYEE SIGNATURE

NIKE▟   ✔   CONVERSE   Hurley)(   🏀

Confidential

Rev. 04-2015

# EXHIBIT 5

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR..

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 05, 2017

Natalie Mirzayan
26632 Towne Centre Drive, Suite 300
Foothill Ranch California 92610

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 862607-310165
Right to Sue: Nersesian / Nike Retail Services

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your attorney must serve the complaint.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 05, 2017

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 862607-310165
Right to Sue: Nersesian / Nike Retail Services

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency         GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 05, 2017

Madatya Nersesian

Lake  Forest, California 92630

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 862607-310165
Right to Sue: Nersesian / Nike Retail Services

Dear Madatya Nersesian,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 05, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                        DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:  Rianna Lopez

Billy Mathes

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 862607-310165
Madatya Nersesian, Complainant.
██████████████████

Lake Forest, California 92630

vs.

Nike Retail Services, Respondent.
One Bowerman Drive
Beaverton, Oregon 97005

Complainant alleges:

1. Respondent **Nike Retail Services** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **February 06, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied family care or medical leave, Denied promotion, Denied reasonable accommodation, Forced to quit,** . Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics** .

3. Complainant **Madatya Nersesian** resides in the City of **Lake Forest**, State of **California**.  If complaint includes co-respondents please see below.

*Complaint ± DFEH No. 862607-310165*

DFEH 902-1

Date Filed: September 05, 2017

1

2     **Co-Respondents:**

3     Rianna Lopez

4     ████████████████
      Fullerton  California 92833

5

6     Billy Mathes

7     ██████████████████████████
      San Clemente  California 92672

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Complaint ±DFEH No. 862607-310165*

Date Filed: September 05, 2017

1

2

3    **Additional Complaint Details:**

4    Respondents discriminated/harassed/retaliated against Claimant on the basis of his
     medical conditions/disability, requesting paid sick time off under California law, and

5    engaging in protected activity.  Respondent failed to timely engage in good faith
     interactive process, provide reasonable accommodation in compliance with Fair

6    Employment and Housing Act, failed to provide a work environment free of
     discrimination, and harassment subjecting Claimant to false and pretexual write ups,

7    discipline, and warnings.  Respondents demoted Claimant, denied his request for
     transfer, denied his application for employment to a different location thereby forcing the

8    Claimant to quit.  Respondents unlawful actions against Claimant was as a result of
     Claimants medical condition, request for accommodation, and in retaliation as a result

9    of Claimant`s opposition to and complaints about the aforementioned
     discrimination/harassment/retaliation.

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-7-

*Complaint ± DFEH No. 862607-310165*

Date Filed: September 05, 2017

VERIFICATION

I, **Natalie Mirzayan, Esq.**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 05, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Foothill Ranch**
**Natalie Mirzayan, Esq.**

DFEH 902-1

-8-

*Complaint ± DFEH No. 862607-310165*

Date Filed: September 05, 2017

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
— Natalie Mirzayan, Esq., SBN 272217
LAW OFFICES OF NATALIE MIRZAYAN
26632 Towne Centre Drive, Suite 300
Foothill Ranch, California 92610
TELEPHONE NO.: (949) 285-3550     FAX NO.:
ATTORNEY FOR (Name): Plaintiff, MADATYA NERSESIAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California, 92701
BRANCH NAME: Central Justice Center

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/02/2017** at 08:00:00 AM

Clerk of the Superior Court
By Dollie Campos, Deputy Clerk

CASE NAME:
Nersesian v. Nike Retail Services, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2017-00947190-CU-OE-CJC |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Geoffrey T. Glass DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 22
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 30, 2017
Natalie Mirzayan, Esq.
(TYPE OR PRINT NAME)                                    ► _____
                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
　Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment (*non-domestic relations*)
　Sister State Judgment
　Administrative Agency Award (*not unpaid taxes*)
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-harassment*)
　Mechanics Lien
　Other Commercial Complaint Case (*non-tort/non-complex*)
　Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition